# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-3727

_____

Michael Cleaver, also known as     *
Rashid Ash-Sneikn Junaid,      *
     *
     Appellant,      *
     *   Appeal from the United States
     v.      *   District Court for the
     *   Western District of Missouri
Michael Kemna; Jean Ann Johnson;     *
Russell Hollowell; Ellis; Steve Lakey;    *   [Unpublished]
Baker;      *
     *
     Defendants,      *
     *
Galloway;      *
     *
     Appellee,      *
     *
Jimmie Thomas; Judy Lewis,     *
     *
     Defendants.      *

_____

Submitted: October 26, 2004
Filed: December 8, 2004

_____

Before MORRIS SHEPPARD ARNOLD, McMILLIAN, and FAGG, Circuit Judges.

_____

PER CURIAM.

Michael Cleaver, a Missouri inmate, appeals from the final judgment entered in the District Court[1] for the Western District of Missouri upon a jury verdict for Captain William Galloway in Cleaver's 42 U.S.C. § 1983 damages action based on Galloway's failure to protect Cleaver from getting stabbed by another inmate. For reversal, Cleaver argues that the district court erred in its rulings on defense counsel's motion to withdraw, Cleaver's motion for a default judgment, and Galloway's motion in limine; that the district court failed to subpoena three witnesses, and should have charged the jury with Cleaver's proposed jury instructions; and that the verdict was against the weight of the evidence. Cleaver also argues that the district court erred in awarding costs to Galloway. For the reasons discussed below, we affirm the judgment of the district court.

First, assuming Cleaver can raise such a challenge, we conclude the district court committed no abuse of discretion in denying defense counsel's motion to withdraw, as the motion came two days before trial and there was no indication that substitute counsel would take over. See Fleming v. Harris, 39 F.3d 905, 908 (8th Cir. 1994) (decision to allow counsel to withdraw is left to district court's discretion). Second, we conclude the district court did not abuse its discretion in denying Cleaver's Fed. R. Civ. P. 55(a) default motion given that Galloway had answered the complaint and defended through counsel at trial. See Swink v. City of Pagedale, 810 F.2d 791, 792 (8th Cir.) (standard of review), cert. denied, 483 U.S. 1025 (1987); DeVasto v. Faherty, 658 F.2d 859, 864 (1st Cir. 1981) (where defendant was represented by counsel from pleading stage through trial, but did not appear at trial, there was no default under Rule 55(a)). Third, we see no abuse of discretion in the district court's granting of Galloway's motion in limine to exclude evidence of defense counsel's withdrawal motion, because Cleaver failed to show how he was prejudiced by the exclusion of this evidence. See Countrywide Servs. Corp. v. SIA

_____

[1]The Honorable Dean Whipple, Chief Judge, United States District Court for the Western District of Missouri.

Ins. Co., 235 F.3d 390, 394 (8th Cir. 2000) (reviewing ruling on motion in limine for abuse of discretion).

Fourth, we conclude the district court committed no abuse of discretion in not sua sponte issuing subpoenas for three witnesses Cleaver wished to call at trial, particularly as Cleaver did not request a continuance so that these witnesses could be subpoened.  See Williams v. Carter, 10 F.3d 563, 566 (8th Cir. 1993) (decision to grant or deny subpoenas for indigent parties is within trial court's discretion, and appeals court will not disturb such exercise of discretion as long as trial court stays within "range of choice" and is not influenced by any mistake of law).  Fifth, we see no plain error in the jury instructions.  See Wilson v. Brinker Int'l Inc., 382 F.3d 765, 771 (8th Cir. 2004) (absent objections below, appeals court reviews jury instructions for plain error).

Sixth, we find a reasonable jury could have concluded that Galloway did not disregard a substantial risk of serious harm to Cleaver, based on witness testimony that Galloway was not involved in the decision to move Cleaver to the housing unit where he was stabbed.  See Brown v. Sandals Resorts Int'l, 284 F.3d 949, 954 (8th Cir. 2002) (credibility determinations, weighing of evidence, and drawing of legitimate inferences from facts are jury functions); Yancey v. Weyerhaeuser Co., 277 F.3d 1021, 1024 (8th Cir. 2002) (verdict will not be reversed for insufficient evidence unless no reasonable jury could have returned verdict for nonmoving party); Oetken v. Ault, 137 F.3d 613, 614 (8th Cir. 1998) (failure-to-protect claim).

Finally, because Cleaver did not amend his notice of appeal to include the postjudgment costs award or file a separate notice of appeal from the costs award, we lack jurisdiction to review the award.  See Fed. R. App. P. 3(c) (notice of appeal must designate judgment, order, or part thereof appealed); LaChance v. Duffy's Draft House, Inc., 146 F.3d 832, 838 (11th Cir. 1998) (where employee failed to file new or amended notice of appeal from postjudgment order granting attorney's fees and

costs to employer, award was unreviewable); <u>Wielgos v. Commonwealth Edison Co.</u>, 892 F.2d 509, 511-12 (7th Cir. 1989) (requiring separate notice of appeal to challenge award of costs made after entry of judgment).

Accordingly, we affirm. We deny Cleaver's motion for oral argument.

_____