# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-2166

_____

American Boat Company, Inc.;    *
Underwriters Insurance Company;    *
Navigators Insurance Company,    *
   *
       Plaintiffs-Appellants,    *
   *    Appeal from the United States
     v.    *    District Court for the
   *    Eastern District of Missouri.
Unknown Sunken Barge; Unknown    *
Owner of Unknown Sunken Barge;    *
Unknown Tower of Unknown Sunken    *
Barge,    *
   *
       Defendants,    *
   *
United States of America,    *
   *
       Defendant-Appellee.    *

_____

Submitted: February 11, 2009
Filed: June 4, 2009

_____

Before RILEY, SMITH, and SHEPHERD, Circuit Judges.

_____

SHEPHERD, Circuit Judge.

The appellants ("American Boat") brought this negligence action against the United States for failing to maintain the navigable channel of the lower Mississippi

River. After the district court granted summary judgment for the United States, American Boat filed a Motion to Amend Judgment, or in the Alternative for Reconsideration. The district court denied this motion, and the time for appeal expired without any action by American Boat. Four months later, American Boat filed a Motion to Reopen the Time to File an Appeal, claiming it did not receive notice of the denial of its Motion to Amend. The district court denied the Motion to Reopen, finding that American Boat received timely electronic notice. American Boat appealed, and we reversed the district court's judgment and remanded for an evidentiary hearing to determine whether American Boat should be permitted to reopen the time to file an appeal.[1] After conducting an evidentiary hearing, the district court[2] again denied American Boat's Motion to Reopen. We now affirm.

## I.

American Boat operates towboats that push barges on the Mississippi River. On February 15, 2000, one of its towboats collided with a submerged wreck. American Boat brought a claim against the United States for negligently failing to maintain the navigable channel of the lower Mississippi River. During the proceedings, the United States District Court for the Eastern District of Missouri began using a case management and electronic case filing system ("CM/ECF"). Parties that register with the district court's CM/ECF system receive notice of court filings via email and are not entitled to service of paper copies. American Boat's trial counsel, from Greenville, Mississippi, did not register with CM/ECF. However, American Boat's local counsel, Donald Dickerson of Cape Girardeau, Missouri, and his secretary, Heather Greable, did register with CM/ECF. Two attorneys for the United States also registered to receive electronic notice.

---

[1]For our previous opinion in this case, see 418 F.3d 910 (8th Cir. 2005).

[2]The Honorable Rodney W. Sippel, United States District Judge for the Eastern District of Missouri.

On September 2, 2003, the district court granted summary judgment for the United States, holding that the discretionary function exception to the Federal Tort Claims Act exempted the United States from liability. See 28 U.S.C. § 2680(a). American Boat filed a Motion to Amend Judgment, or in the Alternative for Reconsideration. On November 5, 2003, the district court issued an order ("Document 60") denying the motion. That afternoon, CM/ECF automatically generated a Notice of Electronic Filing for Document 60 ("the Notice"), which it emailed to Dickerson, Greable, and the two registered government attorneys.

American Boat claims that it did not receive the Notice via email and did not learn of the district court's order until March 4, 2004, when American Boat's trial counsel discovered Document 60 through the Public Access to Court Electronic Records website ("PACER"). On March 9, 2004, American Boat filed a Motion to Reopen the Time to File an Appeal. On July 1, 2004, the district court denied the motion, finding that American Boat had received timely electronic notice and, therefore, did not meet the requirements of Federal Rule of Appellate Procedure 4(a)(6).[3] American Boat appealed. On August 16, 2005, this court held that a presumption of delivery and receipt should apply to emails sent via the court's CM/ECF system. See Am. Boat Co., Inc. v. Unknown Sunken Barge, 418 F.3d 910,

---

[3]Federal Rule of Appellate Procedure 4(a)(6) reads: "The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:

(A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;

(B) the motion is filed within 180 days after the judgment or order is entered or within 7 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and

(C) the court finds that no party would be prejudiced."

914 (8th Cir. 2005).  However, we found that American Boat made a sufficient showing to warrant an evidentiary hearing on the issue of whether it adequately rebutted this presumption.  Id.

At the evidentiary hearing, Greable testified that she was responsible for checking both Dickerson's and her email accounts.  She testified that she always printed paper copies of Dickerson's emails because he did not have his own computer.  Greable also testified that, in addition to using the computer at her desk, she sometimes used the computer at the office's front desk.  Dickerson testified that he was on vacation in November 2003 when the district court's CM/ECF system transmitted the Notice.  He further testified that his law office did not routinely monitor its cases via PACER.

Both parties presented testimony from computer experts who had worked cooperatively in examining the hard drive on Greable's office computer.[4]  The government's expert witness, Trey Blalock, testified with "99.9 percent" certainty that the Notice left the CM/ECF system destined for the correct email addresses for Dickerson and Greable—ddickerson@clas.net and hgreable@clas.net—and was successfully received by the server for the Dickerson law firm's Internet service provider ("Clas.net").  However, Blalock also testified that Greable's hard drive contained no record of the Notice.  American Boat's expert, Dr. Johnette Hassell, agreed with these conclusions.

Blalock explained that emails received by Clas.net are stored on the server; they are not automatically sent to the end user's computer.  Instead, the user must download emails from the Clas.net server to her own computer by using an email software program such as Microsoft Outlook.  Once the end user has accessed an email on her own computer, the default setting on most email software programs,

---

[4]The front-desk computer Greable sometimes used was never examined.

including the program installed on Dickerson law firm computers, is to delete the email from the server.[5] Unless the user changes this default setting, the email exists only on the user's hard drive and nowhere else once it has been accessed from the server. Therefore, Blalock testified, if Greable checked Dickerson's and her email accounts from a different computer, the emails would never reach her own office computer.

According to Blalock, CM/ECF transmitted the Notice at 4:29 p.m. on November 5, 2003, over ten minutes after the last human activity occurred on Greable's computer that day. The first human activity on Greable's computer the following morning occurred when the user opened an Internet site that contained instructions on how to POP email from another computer. Based on these findings and Greable's testimony that she sometimes used the computer at the office's front desk, Blalock testified that he was "95 percent" certain that Greable received the Notice when she checked Dickerson's and her email accounts on a different computer, thereby deleting the Notice from the Clas.net server and preventing the Notice from reaching Greable's office computer.

In response to Blalock's expert opinion, Hassell offered general testimony about other reasons an email might not reach an end user's computer, such as spam filters or CM/ECF glitches. However, Hassell did not offer an opinion as to why, in this particular case, the Notice failed to reach Greable's computer. Blalock and Hassell both confirmed that Greable had successfully received at least 13 other Notices of Electronic Filing from the district court's CM/ECF system in November 2003. The district court's CM/ECF administrator, Jeff Johnson, testified that the system had never experienced a glitch. Johnson also testified that, in this case, the court did not receive a "bounce-back" message from Clas.net, which the court would

---

[5]This process is known as "POPing" an email from the server. "POP" stands for Post Office Protocol, a protocol used to pull mail from one server to another server or to a desktop email program such as Microsoft Outlook.

have received had the Notice not successfully reached the Clas.net server due to a spam filter. Johnson concluded with "100 percent" confidence that the Notice was received by Clas.net. The United States also introduced evidence showing that both government attorneys who were registered with CM/ECF successfully received the Notice for Document 60.

After the evidentiary hearing, the district court found that American Boat received the Notice and, therefore, denied its Motion to Reopen:

> I find that the electronic notifications sent to ddickerson@clas.net and hgreable@clas.net were delivered to the ISP for the Dickerson law firm. Once the electronic notifications reached the ISP, they were available to local counsel for American Boat, in the same way that a letter that has reached a post office box becomes available to the owner of that box.
>
> Donald Dickerson and Heather Greable have denied receipt of the electronic notifications for Document 60. It is Plaintiff's burden to overcome the presumption of receipt, and mere denial of receipt is not sufficient to rebut the presumption. . . .
>
> Even if the Notice of Electronic Filing for Document 60 could not be found on a hard drive of one computer used by the law firm, this does not prove that the Notice of Electronic Filing did not reach the law firm's ISP, and it does not prove that the Notice of Electronic Filing was not available to Plaintiff's local counsel on or about November 5, 2003, regardless of which computer may have been used to access emails at that time. . . .
>
> Plaintiff offers no explanation for what happened to the Notice after it reached Clas.net. I am therefore left with the explanation of Mr. Blalock, who testified that the most likely explanation was that Ms. Greable opened the email on a computer other than the one at her desk. The email was therefore deleted from Clas.net and when Ms. Greable returned to her own computer at her desk, she was unable to retrieve the email containing the Notice of Electronic Filing for Document 60.

As a result, I find that Plaintiffs have failed to satisfy the second requirement[6] of Fed. R. App. P. 4(a)(6) because I find they have failed to rebut the presumption of delivery and receipt of the Notice of Electronic Filing for Document 60.

Am. Boat Co. v. Unknown Sunken Barge, No. 1:01CV00021, 2008 WL 1821500, at *10-11 (E.D. Mo. Apr. 22, 2008) (unpublished).  American Boat brings this appeal.

II.

"We review the district court's denial of American Boat's Motion to Reopen for an abuse of discretion."  Am. Boat Co., 418 F.3d at 913. "We review the district court's factual determination that American Boat received notice for clear error." Id. "Under clear error review, we may reverse only if we have a definite and firm conviction that the [d]istrict [c]ourt was mistaken." United States v. Black Bear, 542 F.3d 249, 252 (8th Cir. 2008) (quotation omitted).

In civil cases, like the present case, "[w]hen the United States or its officer or agency is a party, the notice of appeal may be filed by any party within 60 days after the judgment or order appealed from is entered."  Fed. R. App. P. 4(a)(1)(B).  Once this time limit has expired, the district court may reopen the time to file an appeal only if, *inter alia*, "the court finds that the moving party did not receive notice . . . of the entry of the judgment or order sought to be appealed within 21 days after entry . . . ."

---

[6]The district court cited an outdated version of Rule 4 of the Federal Rules of Appellate Procedure.  In 2005, former subdivision (a)(6)(B) was redesignated as subdivision (a)(6)(A), and vice versa.  See Fed. R. App. P. 4 advisory committee's note.  Therefore, the court's conclusion that American Boat failed to satisfy the "second requirement" of Rule 4(a)(6)—subdivision (B)—actually refers to the first requirement in the current version of the rules—subdivision (A).

Fed. R. App. P. 4(a)(6)(A).[7] The district court found that American Boat received the Notice for Document 60 via email on or about November 5, 2003, which is the same day the court entered the order American Boat sought to appeal. In reaching this factual determination, the district court was permitted to apply a presumption of delivery and receipt of emails sent by the court's CM/ECF system. See Am. Boat Co., 418 F.3d at 914 (citing Kennell v. Gates, 215 F.3d 825, 829 (8th Cir. 2000) (fact-finder may infer that information sent via email was received, provided that the particular message was properly dispatched)).

American Boat disputes the district court's factual finding, emphasizing the fact that Greable's computer contained no record of the notice and contending that the Notice might not have reached the Dickerson law firm due to a spam filter or CM/ECF glitch.[8] Although the Notice did not reach Greable's computer, that fact does not support American Boat's assertion of clear error because the district court found that Greable accessed the Notice from a different computer. Therefore, any record of the Notice would be on the other computer's hard drive. Neither party explains why it

---

[7]Both parties conceded, and the district court agreed, that American Boat satisfied the time and prejudice requirements in Rule 4(a)(6)(B) and (a)(6)(C).

[8]American Boat also complains that the court did not send paper copies of Document 60 to its trial counsel, who were not registered with the court's CM/ECF system. This fact has no bearing on whether American Boat's local counsel, Donald Dickerson, successfully received *electronic* notice and, therefore, is not relevant to whether the district court's factual finding was clearly erroneous. Furthermore, the Administrative Procedures for the district court's CM/ECF system that were in effect in November 2003 provide that "[a] *party* who is not a registered user is entitled to service of a paper copy of any electronically filed documents." (Appellee's Supplemental App. 179 (emphasis added).) A "party" is defined as "[o]ne by or against whom a lawsuit is brought." Black's Law Dictionary 1154 (8th ed. 2004). American Boat is a "party" to this lawsuit; its individual attorneys are not. Because Dickerson was registered with CM/ECF, American Boat's trial counsel were not entitled to service of a paper copy of Document 60.

examined only the computer at Greable's desk and failed to analyze any other computer in Dickerson's law office. Because American Boat has the burden of rebutting the presumption of delivery and receipt, see Am. Boat Co., 418 F.3d at 914, it also bears the consequences of failing to examine other computers in the Dickerson law firm.

Further, the evidence does not support American Boat's alternative theories regarding what happened to the Notice after it reached Clas.net. Analysis of Greable's computer demonstrated that she successfully received at least 13 other electronic notifications from the Eastern District of Missouri CM/ECF system in November 2003, and both government attorneys who registered with CM/ECF received the Notice for Document 60. In addition, the CM/ECF system did not receive a "bounce-back" message from the Clas.net server indicating that a spam filter blocked the Notice, and the system did not experience any glitches.

In sum, the government's expert witness testified that he was "95 percent" certain Greable received the Notice when she checked Dickerson's and her email accounts on a computer other than the one at her desk. American Boat did not offer any evidence that adequately rebutted Blalock's expert opinion. The district court accepted Blalock's testimony, found that American Boat received the Notice for Document 60 via email on or about November 5, 2003, and denied American Boat's Motion to Reopen. After carefully reviewing the evidence and considering the presumption of delivery and receipt of emails properly dispatched by the court's CM/ECF system, we simply cannot form "a definite and firm conviction that the [d]istrict [c]ourt was mistaken." Black Bear, 542 F.3d at 252. Because the district court's factual determination was not clearly erroneous, American Boat failed to satisfy the lack-of-notice requirement in Rule 4(a)(6)(A), and the court properly denied American Boat's Motion to Reopen.

## III.

Accordingly, the judgment of the district court is affirmed.

_____