# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-2906

_____

Relenthis Blakley,                           \*
                                             \*
           Appellant,                        \*
                                             \*    Appeal from the United States
     v.                                      \*    District Court for the
                                             \*    Eastern District of Arkansas.
Schlumberger Technology Corporation,         \*
                                             \*
           Appellee.                         \*

_____

Submitted: May 11, 2011
Filed: August 11, 2011

_____

Before MELLOY and SMITH, Circuit Judges, and GRITZNER,[1] District Judge.

_____

SMITH, Circuit Judge.

Relenthis Blakley filed suit against Schlumberger Technology Corporation ("Schlumberger"), alleging that Schlumberger wrongfully denied (or delayed) her promotion and, subsequently, wrongfully terminated her. She asserted several claims for various forms of discrimination and retaliation under federal law, in addition to

_____

[1]The Honorable James E. Gritzner, United States District Judge for the Southern District of Iowa, sitting by designation.

state-law tort claims. The district court[2] granted Schlumberger's motion to dismiss Blakley's gender and disability claims, state-law negligence claims, and other claims that were duplicative of claims that she had asserted in a previous suit. Upon the completion of discovery, the court granted Schlumberger's motion for summary judgment on the remaining claims. Blakley appeals these orders, along with several of the court's interlocutory orders. We affirm.

## I. *Background*

Blakley, an African American female, began working as a dispatcher at Schlumberger's facility in Conway, Arkansas, in July 2006. In February 2007, Schlumberger promoted Blakley to a financial administrative-assistant position. On October 29, 2007, Blakley sued Schlumberger ("Suit 1"), alleging that her promotion had been delayed because of her pregnancy, race, and disability.

Blakley took a leave of absence from September 14, 2007, to October 21, 2007. She returned to work for three days and took another leave of absence on October 25, 2007 (shortly before filing Suit 1). Her doctor's note excused her from work until January 2, 2008. On November 7, 2007, and December 28, 2007,[3] Schlumberger requested that Blakley provide medical certification, as permitted by the Family Medical Leave Act (FMLA) of 1993, 29 U.S.C. § 2613(a). Neither Blakley nor her doctors ever provided the certification. On December 21, 2007, Blakley notified Schlumberger that she intended to take parental leave starting on January 3, 2008.

---

[2]The Honorable Billy Roy Wilson, formerly William R. Wilson, Jr., United States District Judge for the Eastern District of Arkansas.

[3]The second notice was dated "December 28, *2008*." (Emphasis added.) The undisputed record, however, indicates that this was a clerical error. The notice referenced a conversation that took place "yesterday, Thursday, December 27, *2007*." (Emphasis added.) Moreover, Blakley testified that she received the second notice about one month after she received the first letter in October 2007.

During this time, Schlumberger began contracting with a third-party vendor to outsource some of its operations, including the primary duties that Blakley had performed as a financial administrative assistant. Because Schlumberger determined that its other employees could absorb Blakley's remaining duties, it eliminated Blakley's position and terminated her employment on January 22, 2008.

As a result, Blakley filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC), alleging that Schlumberger terminated her because of her race and in retaliation for her opposition to unlawful employment practices. In her charge, she checked only the boxes for discrimination based on race and retaliation.

On November 5, 2008, Blakley commenced the instant action. She asserted several causes of action, including: (1) race and gender discrimination, in the form of a hostile work environment, in violation of Title VII; (2) retaliation, in violation of Title VII; (3) pregnancy discrimination, in violation of the Pregnancy Discrimination Act; (4) retaliation and interference, in violation of the FMLA; (5) disability discrimination, in violation of the Americans with Disabilities Act; (6) intentional infliction of emotional distress, under Arkansas law; and (7) negligent hiring and retention, under Arkansas law. She alleged that these actions resulted in the denial or delay of her promotion and in her wrongful termination.

Thereafter, the district court partially granted Schlumberger's first motion to dismiss. The court dismissed Blakley's gender and disability discrimination claims because she had failed to exhaust her administrative remedies. It dismissed her negligence-based claims after concluding that it lacked subject-matter jurisdiction because, under Arkansas state law, the Arkansas Worker's Compensation Commission had exclusive jurisdiction to litigate claims involving "physical injury." *See* Ark. Code Ann. § 11-9-105(a). Finally, it dismissed several claims related to Blakley's denied or delayed promotion, which were already being litigated in Suit 1.

The court subsequently entered a final scheduling order, setting January 29, 2010, as the deadline for the completion of discovery. Discovery, however, did not proceed smoothly. First, Blakley's counsel failed to respond to Schlumberger's discovery requests, later claiming that he never received them because his assistant was pregnant and out of the office. Second, Blakley and her counsel failed to appear for her noticed deposition in Houston, Texas, and failed to notify Schlumberger of their absence. Schlumberger, however, had appeared for the depositions and made the necessary arrangements. Again, Blakley's counsel denied any knowledge of the deposition.

Schlumberger moved for sanctions. The district court, however, denied Schlumberger's request for sanctions but, on October 15, 2009, ordered Blakley to respond to Schlumberger's discovery requests and make herself available for a deposition.

On December 18, 2009—42 days before the end of discovery—Blakley served, for the first time, 25 interrogatories and 172 requests for production on Schlumberger. In response, Schlumberger filed a motion for a protective order, objecting to the requests as "excessive, overly broad, unduly burdensome, cumulative, duplicative and not reasonably calculated to lead to the discovery of admissible evidence."

The court did not grant Schlumberger's motion, but on January 13, 2010, the court did send a letter order to Blakley's counsel, directing him to "meet and confer" with Schlumberger, in an effort to resolve the discovery dispute, before 12:00 p.m. on January 19, 2010. The court ordered "genuine, bonafide, real, good-faith, efforts to resolve the discovery dispute."

Blakley's counsel, however, failed to comply with the court's directive, yet again claiming, after the fact, that he never received Schlumberger's motion for a protective order—and, thus, did not understand the court's January 13 order. Thus, on

January 19, 2010, the court cancelled the trial date, quashed Blakley's discovery requests, and ordered Blakley "to file a new rifle-shot set of discovery requests" no later than February 10, 2010. The court clarified that the discovery requests should be "spare and to the point, only." The court also ordered Blakley's counsel to notify the court when he received the order, check his fax machine, and check his computer to ensure that he was receiving all CM/ECF[4] notices. The next day, January 20, 2010, the court ordered Blakley "to file an Amended and Substituted Complaint in which the wheat only remains, and the chaff is entirely removed" and to do so no later than 12:00 p.m. on February 5, 2010.

On February 5, 2010, Blakley filed an amended complaint. Rather than paring down her original complaint, as the court had instructed, she continued to assert all but one of the claims that she had asserted in her original complaint, *including the claims that the district court had already dismissed.* Moreover, she added a *new* claim under the Lilly Ledbetter Fair Pay Act of 2009, Pub. L. No. 111-2, 123 Stat. 5 (codified in scattered sections of 29 and 42 U.S.C.).

Shortly thereafter, Schlumberger filed a motion to dismiss. Schlumberger first noted that Blakley did not serve her discovery requests on Schlumberger until 5:48 p.m. on February 11—over one day *after* the court's once-extended deadline. Moreover, according to Schlumberger, while Blakley had reduced the number of her requests for production, many still related to the already-dismissed claims or "lack[ed] reasonable geographical and temporal restrictions." In addition, Schlumberger noted that Blakley's amended complaint did not comply with the court's amended order.

---

[4]The term "CM/ECF" refers to the district court's "case management and electronic case filing system"; "[p]arties that register with the district court's CM/ECF system receive notice of court filings via email and are not entitled to service of paper copies." *Am. Boat Co. v. Unknown Sunken Barge*, 567 F.3d 348, 349 (8th Cir. 2009).

On March 10, 2010, the court denied Schlumberger's motion to dismiss. After reviewing the aforementioned discovery issues, the court noted that "it would be well within [its] discretion to dismiss this case with prejudice," but it concluded that it was "not satisfied that [dismissal] is the proper thing to do right now." In an effort to resolve the ongoing discovery disputes, the court ordered Schlumberger to identify the parts of the amended complaint that related to dismissed claims and ordered Blakley to respond. The court ordered the same process with respect to the discovery requests. Finally, the court ordered Blakley's counsel to pay Schlumberger $1,500 in sanctions "to partially defray the fees and expenses resulting from [Blakley's] counsel's slow walking, and [his] failure to follow the Court's directions."

After the parties addressed the discovery issues, the district court[5] issued an order on May 6, 2010. The court dismissed Blakley's Ledbetter Act claim and stated that Schlumberger did not have to respond to Blakley's discovery requests relating to the dismissed claims. The court also limited the temporal and geographical scope of Blakley's discovery requests. Finally, the court ordered that discovery would end "45 days from the date of this Order" and provided that "[n]o extensions will be granted."

Notwithstanding the court's order, on June 21, 2010, Blakley filed a motion to extend the time to complete discovery until September 30, 2010. In the motion, Blakley asserted that Schlumberger had responded to some of her discovery requests and promised to provide the remainder after a protective order was signed. Blakley also explained that she intended to depose two Schlumberger employees and requested that discovery be extended until September 30, 2010. The court denied Blakley's motion for "lack of good cause," noting that "discovery ended on June 20, 2010."

---

[5]The Honorable J. Leon Holmes, Chief Judge, United States District Court for the Eastern District of Arkansas, on behalf of Judge Wilson.

On July 2, 2010, Schlumberger filed a motion for summary judgment on all of Blakley's remaining claims. On July 13, 2010, despite discovery's closure, Blakley filed a motion to compel discovery responses. Two days later, she filed a motion for an extension of time to respond to Schlumberger's motion for summary judgment.

On July 20, 2010, the court responded to Blakley's two motions. The court denied her motion to compel because "[d]iscovery ended on June 20, 2010," and "[Blakley] failed to bring any continuing discovery disputes to my attention until after this date, and has not shown good cause for the delay." The court, however, granted Blakley's motion for an extension of time to respond to the motion for summary judgment, ordering her to respond no later than 12:00 p.m. on July 27, 2010.

Blakley, however, *never* responded to Schlumberger's motion for summary judgment. Instead, on July 21, she requested *another* extension. Blakley's counsel stated that he needed additional time because of his responsibilities in other cases in other parts of the country. The district court denied Blakley's motion.

The district court granted Schlumberger's motion for summary judgment on July 28, 2010. Rather than simply granting the motion as unopposed, the court ruled on the merits of each of Blakley's still-pending claims.

First, the court dismissed her hostile work environment claim because Blakley had failed to put forward any evidence showing that the allegedly harassing behavior was motivated by her race, and she failed to show that the alleged harassment was severe enough to affect a term, condition, or privilege of her employment.

Second, the court dismissed Blakley's Title VII retaliation claim because she failed to present evidence showing a causal connection between her EEOC charge or Suit 1 and her termination. In addition, Blakley had failed to show that Schlumberger's

proffered reason for terminating her—that it eliminated her position after outsourcing her job duties—was a pretext for retaliation.

Third, the court dismissed Blakley's FMLA interference and retaliation claims. The court concluded that Blakley could not establish a prima facie claim of interference because she failed to provide medical certification to Schlumberger and, thus, could not show that she was entitled to FMLA benefits. Alternatively, the court held that Schlumberger had provided a legitimate reason for terminating Blakley, independent of her FMLA leave. Similarly, the court concluded that Blakley could not establish a retaliation claim because she failed to submit medical certification and could not show that her termination was caused by her taking medical leave. Blakley then filed her notice of appeal.

On September 2, 2010, Schlumberger filed a bill of costs totaling $2,428.17. Blakley did not respond or object. On October 2, 2010, the district court awarded costs in the amount of $928.17.

## II. *Discussion*

On appeal, Blakley challenges four of the district court's interlocutory orders. She also contends that the court erred by awarding costs to Schlumberger. Finally, she asserts that the court erroneously dismissed some of her claims and erroneously granted summary judgment to Schlumberger on her remaining claims.

### A. *Interlocutory Orders*

Blakley first challenges four of the district court's interlocutory orders. Specifically, she contends that the court abused its discretion by (1) "shutting down discovery" and disallowing discovery beyond June 21, 2010; (2) ordering her to file pared-down discovery requests; (3) imposing sanctions on her attorney; and (4) denying her second motion to extend the time to respond to Schlumberger's motion for summary judgment.

Blakley's arguments are meritless. We review each decision challenged by Blakley for abuse of discretion. *Arnold v. ADT Sec. Servs., Inc.*, 627 F.3d 716, 720 (8th Cir. 2010) (sanctions); *Marksmeier v. Davie*, 622 F.3d 896, 903 (8th Cir. 2010) (discovery rulings and the denial of a motion for an extension of time). Having carefully reviewed the record, as detailed above, we conclude that the district court did not abuse its discretion. Indeed, the record shows that the district court repeatedly attempted to accommodate Blakley, despite her attorney's repeated failures to comply with court orders and court-imposed deadlines.

## B. *Award of Costs*

Blakley also argues that the court erred by awarding costs to Schlumberger pursuant to Federal Rule of Civil Procedure 54(d). First, she contends that the district court could not grant costs because Schlumberger never filed a motion for costs; it only entered a bill of costs. Second, she maintains that the court lacked jurisdiction to grant costs when it did so because Schlumberger filed its bill of costs on September 2, 2010, and Rule 54(d)(2)(B)(i) requires the motion to be filed no later than 14 days after the entry of judgment. Third, she asserts that the court could not grant costs after she filed her notice of appeal. Finally, she argues that the award was not justified because her suit was not "totally unfounded, frivolous, or otherwise unreasonable," citing *Hughes v. Rowe*, 449 U.S. 5, 14–15 (1980).

We review for abuse of discretion the district court's award of costs to the prevailing party under Rule 54(d). *Little Rock Cardiology Clinic P.A. v. Baptist Health*, 591 F.3d 591, 601 (8th Cir. 2011). A district court has "broad discretion" over such awards and abuses that discretion by "rest[ing] its conclusion on clearly erroneous factual findings or erroneous legal conclusions." *Id.* (quotation and citations omitted). Blakley has essentially argued only that the court made a series of legal errors in awarding costs to Schlumberger. She has not challenged the court's underlying factual findings.

As an initial matter, we may lack jurisdiction to review Blakley's challenge to the court's award of costs."When determining whether an appeal from a particular district court action is properly taken, we construe the notice of appeal liberally and permit review where the intent of the appeal is obvious and the adverse party incurs no prejudice." *Parkhill v. Minn. Mut. Life Ins. Co.*, 286 F.3d 1051, 1058 (8th Cir. 2002). However, we have previously held that we lacked jurisdiction to review an award of costs when the appellant, as here, "did not amend [her] notice of appeal to include the postjudgment costs award or file a separate notice of appeal from the costs award." *Cleaver v. Kemna*, 122 F. App'x 863, 865 (8th Cir. 2004) (unpublished per curiam); *accord Shannon v. Koehler*, 616 F.3d 855, 865 n.7 (8th Cir. 2010) (declining to consider an issue not mentioned in the notice of appeal).

Regardless, Blakley's arguments are unpersuasive. Schlumberger sought, and the district court awarded, only *costs*—not attorney's fees. In its order awarding costs, the court cited 28 U.S.C. § 1920 and awarded Schlumberger costs only "for court reporter transcription fees related to three depositions," which are a type of "costs" permitted by § 1920(2). The authorities cited by Blakley only govern awards of "attorney's fees" and are thus inapplicable. *See* Fed. R. Civ. P. 54(d)(2) (describing the necessary procedure for awarding "Attorney's Fees"); *Hughes*, 449 U.S. at 14 (vacating an award of "attorney's fees entered against petitioner"). Blakley has not cited any authority stating that Schlumberger was required to file a *motion*, in addition to a bill of costs, in order to seek costs. Indeed, the federal rules are silent on the matter, *see* Fed. R. Civ. P. 54(d)(1), and the federal statute enumerating taxable costs only requires the filing of a bill of costs, *see* 28 U.S.C. § 1920. Moreover, Blakley has cited no authority prohibiting a district court from granting costs after a party has filed a notice of appeal. *Cf. Lorenz v. Valley Forge Ins. Co.*, 23 F.3d 1259, 1260–61 (7th Cir. 1994) (holding that, because "costs are appealable separately from the merits," a court still has the power to award costs when an appeal on the merits is pending). Thus, on these facts, Blakley has not shown that the district court abused its discretion by awarding costs to Schlumberger.

## C. *Dismissal of Claims*

Finally, Blakley contends that the district court erred by dismissing each of the claims in her complaint. She specifically challenges three orders: (1) the order partially granting Schlumberger's motion to dismiss, (2) the discovery order dismissing Blakley's Ledbetter Act claim, and (3) the order granting Schlumberger's motion for summary judgment on Blakley's remaining claims.

### 1. *Order Partially Granting Schlumberger's Motion to Dismiss*

Blakley first argues that the district court erred in partially granting Schlumberger's motion to dismiss. She contends that the dismissal standard under Federal Rule of Civil Procedure 12(b) does not permit the court to conclude that (1) Blakley failed to administratively exhaust her administrative remedies on her gender and disability claims, (2) her negligence claims could only be tried before the Arkansas Worker's Compensation Commission, and (3) her duplicative claims should only be tried in Suit 1. Instead, she maintains that the court could dismiss a claim "only if it is clear that no relief can be granted under any set of facts that could be proved consistent with the allegations." *Reeve v. Oliver*, 41 F.3d 381, 383 (8th Cir. 1994) (quotation and citations ommited).

We review the district court's grant of a motion to dismiss de novo. *Trooien v. Mansour*, 608 F.3d 1020, 1026 (8th Cir. 2010). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

The district court did not err in dismissing Blakley's claims for gender and disability discrimination. In doing so, the district court relied on Blakley's 2008 EEOC charge, a document which was not included in or attached to Blakley's complaint. In addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b), "the court generally must ignore materials outside the pleadings, but it may consider some

materials that are part of the public record." *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999) (quotation and citation omitted). We have previously held that an EEOC charge is a part of the public record and may be considered on a motion to dismiss. *Faibisch v. Univ. of Minn.*, 304 F.3d 797, 802–03 (8th Cir. 2002). Accordingly, the district court did not err by considering Blakley's 2008 EEOC charge in ruling on Schlumberger's motion to dismiss. Furthermore, Blakley does not challenge the district court's conclusion that she failed to exhaust her administrative remedies by failing to check the boxes for "sex" and "disability" discrimination. As a result, she has waived any challenge on this basis. *See United States v. Frausto*, 636 F.3d 992, 997 (8th Cir. 2011) (finding that the appellant waived an issue by failing to make any supporting arguments on appeal). Therefore, we affirm the district court's dismissal of Blakley's gender and disability claims.

Likewise, the district court did not err in dismissing Blakley's state-law, negligence-based claims. Contrary to Blakley's assertion, Federal Rule of Civil Procedure 12(b)(1) allows a district court to dismiss a claim for "lack of subject-matter jurisdiction." *See also, e.g.*, *Hastings v. Wilson*, 516 F.3d 1055, 1058–60 (8th Cir. 2008) (reviewing and affirming the district court's dismissal of a claim under Rule 12(b)(1), on a motion to dismiss, for lack of subject matter jurisdiction). Therefore, the court properly addressed this issue in ruling on Schlumberger's motion to dismiss. Moreover, Blakley has not actually challenged the district court's conclusion that it lacked subject-matter jurisdiction based on the exclusivity of Arkansas law, and, as a result, she has waived any argument to this effect on appeal. *See Frausto*, 636 F.3d at 997 (finding that the appellant waived an issue by failing to make any supporting arguments on appeal). Accordingly, we affirm the district court's dismissal of Blakley's negligence-based claims.

Finally, the district court properly dismissed Blakley's duplicative claims in its ruling on the motion to dismiss. Blakley has likely waived this argument by failing to provide any legal support for her assertion that the court could not dismiss her claims

as duplicative in ruling on a motion to dismiss. *See Milligan v. City of Red Oak, Iowa*, 230 F.3d 355, 360 (8th Cir. 2000) (concluding that an appellant waived an issue by failing to "support his assertion with any argument or legal authority"). Even if she has not waived the issue, we agree with the Seventh Circuit that a plaintiff "should not be" allowed "to litigate the same issue at the same time in more than one federal court." *Crowley Cutlery Co. v. United States*, 849 F.2d 273, 279 (7th Cir. 1988) (affirming a district court's dismissal on this basis). Further, dismissal of duplicative claims comports with our long-standing "general principle" of "avoid[ing] duplicative litigation." *Brewer v. Swinson*, 837 F.2d 802, 804 (8th Cir. 1988) (citing *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976)). Thus, the district court did not err by dismissing Blakley's duplicative claims.

## 2. *Discovery Order Dismissing Ledbetter Act Claim*

Blakley also contends that the court erred in dismissing her claim under the Ledbetter Act in its May 6, 2010 discovery order. She asserts, without any supporting citation, that the district court "should have allowed the Appellant's claims under the Lilly Ledbetter Act to proceed, since this was a law in its infancy, not available to the Appellant when the Charge of Discrimination with the EEOC was filed."

Although the district court "dismissed" her Ledbetter Act claim, Blakley's argument may be viewed more appropriately as a challenge to the court's denial of leave to amend her complaint to add a new claim. We review such denials for abuse of discretion. *Wintermute v. Kan. Banking Sur. Co.*, 630 F.3d 1063, 1067 (8th Cir. 2011). Blakley was permitted to file an amended complaint only by the court's January 20, 2010 order, which directed her to limit the scope of her complaint—not expand it. She never sought leave to add an entirely *new* claim. Under Federal Rule of Civil Procedure 15(a)(2), Blakley could only add this claim with Schlumberger's written consent or the court's leave. She obtained neither. Moreover, adding a new claim would have required additional discovery by the parties and added further delays to the proceedings. Under the circumstances, the district court did not abuse its discretion

by refusing to permit this new claim. *See Popp Telecom v. Am. Sharecom, Inc.*, 210 F.3d 928, 943 (8th Cir. 2000) ("Where an amendment would likely result in the burdens of additional discovery and delay to the proceedings, a court usually does not abuse its discretion in denying leave to amend."). Accordingly, we affirm the district court's dismissal of this claim, which Blakley attempted to add without permission from Schlumberger or leave from the court.

### 3. *Order Granting Schlumberger's Motion for Summary Judgment*

Finally, Blakley challenges the district court's grant of Schlumberger's motion for summary judgment. First, she argues that Schlumberger's motion did not address all of her remaining causes of action. Second, she contends that Schlumberger failed to meet its burden on her Title VII hostile work environment claim because a genuine issue of material fact existed on whether the "constant threat of [her] termination . . . was severe and pervasive" enough to affect a term, condition, or privilege of her employment. Finally, she asserts that the court erred in granting summary judgment on her FMLA claim because the court "relied on [a] fraudulent document." Specifically, she maintains that the court should not have relied on Schlumberger's request for FMLA certification, which was dated "December 28, 2008, one year after [Blakley] was terminated."

We review the district court's grant of summary judgment de novo. *Hayek v. City of St. Paul*, 488 F.3d 1049, 1054 (8th Cir. 2007). "Summary judgment is proper if, after viewing the evidence and drawing all reasonable inferences in the light most favorable to the nonmovant, no genuine issues of material fact exist and the movant is entitled to judgment as a matter of law." *Id.*

Initially, although Blakley asserts that Schlumberger (and, by extension, the district court) did not address all of her remaining claims on summary judgment, she has not identified *which* claims were not addressed. Moreover, she has not attempted to explain why those claims were still pending (and not, for example, dismissed by the

court's February 12, 2009 order). As a result, she has waived any argument that some of her claims were not dismissed on summary judgment. *See Meyers v. Starke*, 420 F.3d 738, 743 (8th Cir. 2005) ("To be reviewable, an issue must be presented in the brief with some specificity. Failure to do so can result in waiver.").

### a. *Hostile Work Environment*

The district court did not err in granting summary judgment to Schlumberger on Blakley's Title VII claim for race discrimination, in the form of a hostile work environment.

> To establish a claim of hostile work environment, a plaintiff must show (1) he or she belonged to a protected group; (2) he or she was subjected to unwelcome harassment; (3) the harassment was based upon race; (4) the harassment affected a term, condition, or privilege of his or her employment; and (5) the employer knew or should have known of the harassment and failed to take proper remedial action.

*Green v. Franklin Nat'l Bank of Minneapolis*, 459 F.3d 903, 910 (8th Cir. 2006) (quotation, alterations, and citation omitted).

Here, the district court concluded that Blakley had failed to demonstrate the existence of a genuine issue of material fact on both the third and fourth elements of her prima facie claim. On appeal, she has not challenged the district court's finding that she presented no evidence that her alleged harassment was based upon her race. As a result, she has waived any such argument. *See Frausto*, 636 F.3d at 997 (finding that the appellant waived an issue by failing to make any supporting arguments on appeal). Thus, even if the threats of termination rose to a level sufficient to affect a "term, condition, or privilege" of Blakley's employment, Blakley still could not establish her prima facie claim of a hostile work environment based on her race. Accordingly, we affirm the district court's grant of summary judgment on this claim.

b. *FMLA*

An employee can bring two types of FMLA claims: interference and retaliation. *Stallings v. Hussmann Corp.*, 447 F.3d 1041, 1050 (8th Cir. 2006). In an interference claim, "the employee alleges that an employer denied or interfered with [her] substantive rights under the FMLA." *Id.* (citing 29 U.S.C. § 2615(a)(1)). In a retaliation claim, "the employee alleges that the employer discriminated against [her] for exercising [her] FMLA rights." *Id.* (citing 29 U.S.C. § 2615(a)(2)).

i. *Interference*

The FMLA prohibits an employer "from interfering with, restraining, or denying an employee's exercise of or attempted exercised of any right contained in the FMLA." *Id.* To sustain an interference claim, the plaintiff must show that she was entitled to the benefit which the employer denied. *Id.* "An employee can prevail under an interference theory if [s]he was denied substantive rights under the FMLA for a reason connected with [her] FMLA leave." *Id.* However, "an employer who 'interferes with an employee's FMLA rights will not be liable if the employer can prove it would have made the same decision had the employee not exercised the employee's FMLA rights.'" *Estrada v. Cypress Semiconductor (Minn.) Inc.*, 616 F.3d 866, 871 (8th Cir. 2010) (quoting *Throneberry v. McGehee Desha Cnty. Hosp.*, 403 F.3d 972, 977 (8th Cir. 2005)). Stated another way, "where an employer's reason for dismissal is insufficiently related to FMLA leave, the reason will not support the employee's recovery." *Stallings*, 447 F.3d at 1051.

Blakley cannot show that the district court erred in granting summary judgment to Schlumberger on her FMLA interference claim. Blakley's argument about the allegedly "fraudulent" document—which Schlumberger used to show that Blakley failed to provide medical certification—only relates to whether Blakley exercised any FMLA rights. Even if Blakley could create a factual dispute on this issue, she has not challenged the court's alternative conclusion that Schlumberger terminated Blakley for a reason unrelated to her FMLA leave. As a result, she has waived any argument

on this basis, *Frausto*, 636 F.3d at 997 (finding that the appellant waived an issue by failing to make any supporting arguments on appeal), and her FMLA interference claim fails as a matter of law, *Estrada*, 616 F.3d at 871.

### ii. *Retaliation*

We analyze Blakley's FMLA retaliation claim using the familiar *McDonnell Douglas* burden-shifting framework. *Wierman v. Casey's Gen. Stores*, 638 F.3d 984, 999 (8th Cir. 2011). "To establish a prima facie claim, [Blakley] must show that: 1) she engaged in protected conduct; 2) she suffered a materially adverse employment action; and 3) the materially adverse action was causally linked to the protected conduct." *Id.* If the plaintiff satisfies her prima facie showing, the employer "must articulate a legitimate, non-retaliatory reason for its action." *Id.* If the employer does so, the burden shifts back to the plaintiff to "identify evidence sufficient to create a genuine issue of material fact whether [the employer's] proffered explanation is merely a pretext for unlawful retaliation." *Id.* "The ultimate question of proof—the burden of which remains on the employee throughout the inquiry—is whether the employer's conduct was motivated by retaliatory intent." *Id.*

Much like her interference claim, Blakley cannot show that the district court erred in granting summary judgment to Schlumberger on her retaliation claim. Again, her argument about the "fraudulent document" only relates to whether she engaged in conduct protected by the FMLA. She has not challenged the district court's alternative conclusion that she failed to produce sufficient evidence to establish causation, the third element of her prima facie case. As a result, she has waived any argument on this basis, *Frausto*, 636 F.3d at 997 (finding that the appellant waived an issue by failing to make any supporting arguments on appeal), and her FMLA retaliation claim fails as a matter of law, *Weirman*, 638 F.3d at 999.

### III. *Conclusion*

Accordingly, we affirm the judgment of the district court.

_____