# United States Court of Appeals
## For the Eighth Circuit

_____

No. 14-3805

_____

William G. Morse; Tanya L. Morse

*Plaintiffs - Appellants*

v.

Ozark County, Missouri; Gareth Heidi; Betty Heidi; Heather Heidi, Trustee; Heather Rooney-McBride; Darrin Reed, Sheriff, Ozark County Sheriff Department; Heath Hathcock, Deputy Sheriff, Ozark County Sheriff Department; Sgt. Collins, Ozark County Sheriff Department; Kenny Hannaford, Deputy Sheriff, Ozark County Sheriff Department; Thomas Cline, Ozark County Prosecuting Attorney; Becky Strong, Ozark County Circuit Court Clerk; Craig Fox, Ozark County Health Department; Rex Donley, Gainesville Livestock Auction; David Haskins, Ozark 4 U Realty; Heath Humphries; Dr. David Rybolt, Missouri Department of Agriculture (Division of Animal Health); John Does, 6-7

*Defendants - Appellees*

_____

Appeal from United States District Court
for the Western District of Missouri - Springfield

_____

Submitted: July 1, 2015
Filed: July 8, 2015
[Unpublished]

_____

Before SHEPHERD, BYE, and KELLY, Circuit Judges.

_____

PER CURIAM.

William G. and Tanya L. Morse appeal the district court's[1] dismissal of their civil rights action for lack of subject matter jurisdiction. We find that the Morses did not preserve any challenge to the district court's conclusion that their action was barred by the Rooker-Feldman doctrine.[2] In response to the motions to dismiss for lack of subject matter jurisdiction, they offered no argument in support of jurisdiction, see Nucor Corp. v. Neb. Pub. Power Dist., 891 F.2d 1343, 1346 (8th Cir. 1989) (plaintiffs bear burden of establishing subject matter jurisdiction); and in their opening brief on appeal, they do not explain why the district court was wrong in applying the doctrine, see Blakley v. Schlumberger Tech. Corp., 648 F.3d 921, 931-32 (8th Cir. 2011) (where appellant did not actually challenge district court's conclusion that subject matter jurisdiction was lacking, any argument to this effect on appeal is waived); see also McKenzie v. U.S. Citizenship & Immigration Servs., 761 F.3d 1149, 1155 (10th Cir. 2014) (where party presents unpreserved argument against dismissal for lack of jurisdiction, appellate court does not exceed its power by declining to consider it), cert. denied, 135 S. Ct. 970 (2015). Although the Morses challenge the application of the Rooker-Feldman doctrine in their reply brief, we decline to consider these arguments. See Martin v. Am. Airlines, Inc., 390 F.3d 601, 608 n.4 (8th Cir. 2004) (appeals court will not consider issue first raised in reply brief, absent some reason given by appellant for not raising and briefing issue in opening brief); United States v. Vincent, 167 F.3d 428, 432 (8th Cir. 1999) (declining to consider argument first raised in pro se reply brief). The judgment of the district court is affirmed. See 8th Cir. R. 47B.

_____

_____

[1]The Honorable Gary A. Fenner, United States District Judge for the Western District of Missouri.

[2]See D.C. Ct. of App. v. Feldman, 460 U.S. 462 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923).