**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-2831
_____

ERIC RAY MALONE,
                              Appellant

v.

TOYOTA MOTOR SALES, INC.
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 1:23-cv-00242)
District Judge:  Honorable Susan Paradise Baxter

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 1, 2025
Before:  RESTREPO, MATEY, and CHUNG, <u>Circuit Judges</u>

(Opinion filed: April 8, 2025)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Appellant Eric Malone appeals the District Court's September 19, 2024, order dismissing his complaint for lack of subject matter jurisdiction because Malone did not establish diversity of citizenship between the parties. We will affirm the judgment.

I.

Malone filed his complaint in the District Court for the Western District of Pennsylvania in August 2023, seeking to confirm an arbitration award issued in his favor by the California Dispute Settlement Program.[1] For subject-matter jurisdiction, Malone relied solely on diversity of citizenship. Appellee filed a motion to dismiss arguing that the District Court lacked subject matter jurisdiction over the case because there is no diversity of citizenship between the parties as Appellee is a California corporation and Malone is a citizen of California. Malone filed an opposition brief and an affidavit arguing he was a citizen of Pennsylvania. The District Court held an evidentiary hearing in July 2024 "[t]o clarify [Malone's] domicile" for purposes of diversity jurisdiction. After the hearing, the District Court determined that Malone had failed to prove he was a Pennsylvania citizen at the time of filing his complaint. The District Court thus dismissed the complaint for lack of subject matter jurisdiction. Alternatively, the District

---

[1] Malone had previously sought to confirm the same award in the United States District Court for the Central District of California, which dismissed the complaint in December 2022 after determining both parties were citizens of California. The Ninth Circuit affirmed the dismissal in October 2023. While the current case was pending, Malone filed a petition seeking to confirm the same award in the Superior Court of California. After a hearing, that court denied Malone's petition and granted a petition by Appellees to vacate the arbitration award.

Court dismissed the complaint as being precluded by the Superior Court of California's order vacating the arbitration award. Malone appealed.[2]

## II.

By failing to address diversity jurisdiction in his opening brief, Malone has likely forfeited appellate review of the District Court's determination. See Ctr. for Biological Diversity v. U.S. Env't Prot. Agency, 937 F.3d 533, 542 (5th Cir. 2019) (noting that "arguments in favor of jurisdiction[] can be forfeited"); see also Blakely v. Schlumberger Tech. Corp., 648 F.3d 921, 931-32 (8th Cir. 2011) (ruling that because appellant "ha[d] not actually challenged the district court's conclusion that it lacked subject-matter jurisdiction . . . she ha[d] waived any argument to this effect on appeal"); Lara v. Comm'r Pa. State Police 125 F.4th 428, 432 n.5 (3d Cir. 2025) (reiterating that "an issue is [forfeited] unless a party raises it in its opening brief" (quotation marks omitted)).

In any event, the District Court did not clearly err in finding that Malone was a citizen of California at the time he filed his complaint. See Johnson, 724 F.3d at 345. We have explained that "[c]itizenship is synonymous with domicile, and the domicile of an individual is his true, fixed and permanent home and place of habitation." McCann v. Newman Irrevocable Trust, 458 F.3d 281, 286 (3d Cir. 2006) (cleaned up). The District Court determined that Malone was domiciled in California because it was "apparent from

---

[2] We have jurisdiction pursuant to 28 U.S.C. § 1291. Our review of a dismissal for lack of subject matter jurisdiction is de novo, Gould Elecs. Inc. v. United States, 220 F.3d 169, 176 (3d Cir. 2000); however, we review a District Court's factual findings of citizenship for clear error. See Johnson v. SmithKline Beecham Corp., 724 F.3d 337, 345 (3d Cir. 2013).

3

the record that [Malone] ha[d] been litigating this case from California," and because Malone testified at the evidentiary hearing that "he ha[d] not resided in Pennsylvania since June 2012" and stated in a letter that he had been "a resident of California for the past ten years."

In his reply brief, Malone asserts that "his place of employment is in State College, Pennsylvania" and that "his residence is in either Oil City, Pennsylvania, or Hollidaysburg, Pennsylvania," but he offered no documentary evidence of the same. Before the District Court, the only evidence he submitted supporting a residence in Pennsylvania was a voter registration card post-dating the filing of the complaint. A review of Malone's testimony from the evidentiary hearing, along with the fact that he continues to litigate his appeal from a California address, supports the District Court's finding that Malone's domicile at the time of filing was in California. Thus, the parties were not diverse as required for the District Court to exercise subject matter jurisdiction under 28 U.S.C. § 1332(a)(1).

## III.

For the foregoing reasons, we will affirm the District Court's judgment.[3]

---

[3] We note that both parties have filed additional motions in this case. We grant Appellee's motion to supplement the appendix and file a medical note relevant to the jurisdictional issue under seal, as it was sealed in the District Court. We direct the Clerk's Office to seal that document for 25 years. We deny, however, Appellant's motions to file his reply brief under seal and to seal the entire appellate record, as Appellant's motions fail to provide "with particularity the reasons why sealing is deemed necessary." 3d Cir. L.A.R. 106.1(a). We also deny Appellant's motion to proceed IFP for purposes of counsel, motion for appointment of counsel, motion to transfer proceedings to California state court, and motion for a stay of the appellate proceedings. We also deny Appellee's request for an order requiring Appellant to seek leave of this

Court before submitting any further filings in this matter.  Finally, to the extent Malone seeks any other relief through his additional motions, it is denied.

5