# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No.10-1357

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the Northern |
| | * | District of Iowa |
| Patice Levell Bolden, | * | |
| | * | [PUBLISHED] |
| Appellant. | * | |

_____

Submitted: September 24, 2010
Filed: September 29, 2010

_____

Before RILEY, Chief Judge, MURPHY and MELLOY, Circuit Judges.

_____

PER CURIAM.

Patice Bolden ("Bolden") pled guilty to one count of conspiring to distribute cocaine and one count of conspiring to commit money laundering for his part in a large drug-distribution scheme. During the sentencing hearing, the district court[1] found several enhancements, including a three-level enhancement for being a manager or supervisor of criminal activity and a two-level enhancement for using a minor to

_____

[1] The Honorable Linda R. Reade, Chief Judge, United States District Court for the Northern District of Iowa.

commit a crime, and sentenced him to a total term of incarceration of 280 months. Bolden now appeals, challenging the application of these two enhancements. We affirm.

I.

In 2002, Bolden moved from Chicago to Cedar Rapids, Iowa. Shortly thereafter, he entered into an extensive drug conspiracy to distribute cocaine base (i.e., "crack") in the Cedar Rapids area. The conspiracy included numerous individuals and lasted until February of 2008. During the course of the conspiracy, Bolden traveled to Chicago on many occasions with other individuals to purchase cocaine using the proceeds from previous drug transactions.

At the sentencing hearing, Bolden objected to several paragraphs in the Pre-Sentence Investigation Report ("PSR") relating to whether he recruited or directed anyone in the conspiracy. His objections related only to the legal significance of the statements in the PSR and not to the factual statements contained therein. More specifically, Bolden objected to paragraphs, 42, 43, and 66 in the PSR, alleging that the facts contained in these paragraphs failed to support the conclusion he recruited and directed others. The paragraphs state, in their entirety:

> 42. The defendant recruited other individuals from Chicago, Illinois, to relocate to Cedar Rapids, Iowa, to distribute cocaine base. The defendant, in late 2002, advised Jermaine Neely that he could make "good money" selling cocaine base in Cedar Rapids, Iowa. The defendant informed Neely that it was "easier" to distribute cocaine base in Cedar Rapids, Iowa, than in Chicago, Illinois, noting a greater potential to profit from such distribution of cocaine base in Cedar Rapids, Iowa, than in Chicago, Illinois. Neely relocated from Chicago, Illinois, to Cedar Rapids, Iowa, in late 2002 to distribute cocaine base.

43.  The defendant further recruited Freddrick Neely, Maurice Leavell Bivens, Leon Johnson, Eurey Williams, and Dominic White to relocate from Chicago, Illinois, to Cedar Rapids, Iowa, to distribute cocaine base. The defendant also recruited his three younger brothers, Ronald Corbett, Jr.; George Corbett; and Andre Corbett, to relocate to Cedar Rapids, Iowa, to distribute cocaine base. Each of the defendant's brothers were minors when they moved to Cedar Rapids, Iowa, to distribute cocaine base with the defendant.

66.  At times during the above noted drug conspiracy, Santonia Starks, Cordell Thomas, Maurice Leavell Bivens, George Corbett, and others distributed cocaine base when and as directed to do so by the defendant. Jessica Hennings, at times during said drug conspiracy, stored the defendant's cocaine base for him, in particular at Kevin Lanagan's residence in Cedar Rapids, Iowa.

Bolden argues that the statements in these paragraphs and the remaining, unobjected-to portions of the PSR are insufficient to support the disputed enhancements.

II.

A. Manager or Supervisor Enhancement

"A defendant's offense level may be increased by three levels '[i]f the defendant was a manager or supervisor (but not an organizer or leader) and the criminal activity involved five or more participants or was otherwise extensive.'" United States v. Vasquez, 552 F.3d 734, 737 (8th Cir. 2009) (quoting U.S. Sentencing Guidelines Manual § 3B1.1(b)). "We construe the terms 'manager' or 'supervisor' broadly under U.S.S.G. § 3B1.1," and "the simple fact that a defendant recruits new members into a conspiracy supports a finding of the defendant being a manager or supervisor." United States v. Erhart, 415 F.3d 965, 973 (8th Cir. 2005) (citing United States v.

-3-

Schwarck, 961 F.2d 121, 123 (8th Cir. 1992) and United States v. Pierce, 907 F.2d 56, 57 (8th Cir. 1990)).  The sentencing court may also considers other factors, such as:

> the exercise of decision making authority, the nature of participation in the commission of the offense, . . . the claimed right to a larger share of the fruits of the crime, the degree of participation in planning or organizing the offense, the nature and scope of the illegal activity, and the degree of control and authority exercised over others.

U.S.S.G. § 3B1.1 cmt. n.4.  "The district court's factual findings, including its determination of a defendant's role in the offense, are reviewed for clear error," while its "application of the guidelines to the facts is reviewed de novo."  United States v. Vasquez-Rubio, 296 F.3d 726, 729 (8th Cir. 2002) (internal citations omitted). Finally, "[t]he government has the burden of proving by a preponderance of the evidence that the aggravating role enhancement is warranted."  Vasquez, 552 F.3d at 737.

We conclude that the district court did not err in applying the role enhancement for two reasons.  First, paragraph 42 of the PSR implicitly establishes that Bolden recruited Jermaine Neely ("Neely") into the conspiracy.  Bolden advised Neely of the increased profits that Neely could make selling narcotics if Neely would leave Chicago and relocate to Cedar Rapids, which Neely did.  Bolden does not contest these statements.  Instead, Bolden argues that without a specific request to leave Chicago and join the conspiracy, his conversation is insufficient.  We disagree because the implication of the conversation is clear.  Indeed, Bolden would be inviting competition in an often dangerous trade, in a relatively small city, unless he intended his conversation to be a solicitation for Neely to join his conspiracy.

The remaining portions of the PSR also support a role enhancement. Specifically, paragraph 60 of the PSR reveals that Bolden directed the activities of a

co-conspirator during an attempted traffic stop in an effort to evade police detection of some narcotics. He directed Jessica Hennings to try and elude officers in an automobile chase and to then conceal crack cocaine in her body after the car was eventually stopped. Again, Bolden does not deny the incident; however, he argues that it is insufficient because it was only one occurrence during a multi-year conspiracy. We disagree because the traffic stop shows Bolden exerting actual authority over another criminal participant during the course of the conspiracy. See U.S.S.G. § 3B1.1 cmt. n.4.

## B. Use of a Minor Enhancement

A defendant's offense level may also be increased by two levels if "the defendant used or attempted to use a person less than eighteen years of age to commit the offense or assist in avoiding detection of, or apprehension for, the offense . . . ." U.S.S.G. § 3B1.4. "The phrase 'used or attempted to use' includes 'directing, commanding, encouraging, intimidating, counseling, training, procuring, recruiting, or soliciting.'" United States v. Birdine, 515 F.3d 842, 845 (8th Cir. 2008) (quoting U.S.S.G. § 3B1.4 cmt. n.1). As stated earlier, "[w]e review de novo the district court's application of the sentencing guidelines, and we review its factual findings, such as whether the defendant used a minor to commit the offense, for clear error." Id.

Bolden maintains that the PSR failed to establish that he used a minor; however, we need not address his argument because any potential error would have been harmless. As Bolden concedes, even if he were successful on this issue, his guideline range would remain unchanged at 360 months to life. United States v. Bolden, 596 F.3d 976, 984 (8th Cir. 2010) (noting that any error in attributing a role enhancement was harmless when the resulting guideline range was unaffected). Moreover, the district court made sufficient findings that the final sentence would be unchanged even if it had erred in applying both enhancements. United States v. Davis, 583 F.3d 1081, 1095 (8th Cir. 2009) ("Because the district court explicitly stated it would have

imposed a sentence of 293 months imprisonment regardless of whether Davis was a career offender, any error on the part of the district court is harmless, and we affirm.").

Accordingly, we affirm the judgment of the district court.

_____