# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-3060

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Nebraska. |
| Antonio Frausto, also known as | * | |
| Juan Antonio Frausto-Diaz, also | * | |
| known as Antonio F. Ocampo, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: February 14, 2011
Filed: April 21, 2011

_____

Before SMITH, GRUENDER, and BENTON, Circuit Judges.

_____

GRUENDER, Circuit Judge.

After a series of meetings and secretly-taped telephone conversations between a confidential source employed by the Drug Enforcement Administration ("DEA") and Antonio Frausto and his co-conspirators, Frausto arranged for the sale of one pound of high-quality methamphetamine to the confidential source. This purchase was consummated on January 8, 2009, in Omaha, Nebraska. On January 18, 2009, Frausto arranged for the two co-conspirators to travel to Council Bluffs, Iowa, and sell four additional pounds of methamphetamine to the confidential source's fictitious partner. The co-conspirators were arrested at an apartment complex in Council Bluffs,

and Frausto was arrested soon after in Omaha. DEA agents seized the four pounds of methamphetamine from the co-conspirators' vehicle in the parking lot of the apartment complex. A search, pursuant to a warrant, of a home in Omaha associated with the conspiracy resulted in the recovery of a loaded handgun and approximately $60,000 in cash, including $23,500 of prerecorded DEA funds used in the January 8 transaction.

Frausto pled guilty to one count of conspiracy to distribute and possess with the intent to distribute fifty grams or more of methamphetamine, a violation of 21 U.S.C. §§ 841(a)(1), (b)(1), and 846 that subjects Frausto to a mandatory minimum sentence of 10 years' imprisonment. With respect to the calculation of Frausto's advisory sentencing guidelines range, the quantity of drugs attributable to Frausto resulted in a base offense level of 38. The district court[1] imposed a two-level enhancement for Frausto's role as an organizer or leader in the offense, *see* U.S.S.G. § 3B1.1(c), and then reduced the offense level by two for acceptance of responsibility, *see* § 3E1.1(a). The district court refused to apply a two-level enhancement for the use of a dangerous weapon pursuant to § 2D1.1(b)(1) and refused to grant Frausto safety-valve relief pursuant to § 5C1.2(a). Frausto's resulting total offense level was 38, and his criminal history category was I, which led to an advisory guidelines range of 235 to 293 months. The district court sentenced Frausto to 240 months' imprisonment. Frausto now appeals his sentence.

"In reviewing a defendant's sentence, we first ensure that the district court did not commit significant procedural error[;] . . . then, absent significant procedural error, we review the sentence for substantive reasonableness." *United States v. Jenkins*, 578 F.3d 745, 748 (8th Cir. 2009), *cert. denied*, 559 U.S. ---, 130 S.Ct. 1550 (2010). Procedural errors include "failing to calculate (or improperly calculating) the

---

[1] The Honorable Joseph F. Bataillon, Chief Judge, United States District Court for the District of Nebraska.

Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *Gall v. United States*, 552 U.S. 38, 51 (2007). "In reviewing a sentence for procedural error, we review the district court's factual findings for clear error and its application of the guidelines de novo." *United States v. Barker*, 556 F.3d 682, 689 (8th Cir. 2009).

Frausto first argues that the district court procedurally erred by imposing a two-level enhancement for his role in the offense "based on the clearly erroneous fact that Appellant was the speaker in the recorded phone calls." Frausto, however, ignores the testimony of DEA Agent Dustin Wernli—who recorded a number of the conversations between the confidential source and Frausto and testified as to the authenticity of the recordings and translations—and the testimony of Jose Rigoberto Frausto-Diaz, Frausto's nephew and one of his two co-conspirators—who identified Frausto as a speaker on the recordings. Additionally, a search of Frausto's cell phone revealed two phone numbers used by Agent Wernli and the confidential source programmed into the phone's directory. As such, the district court did not clearly err when it determined that Frausto was a speaker on the taped telephone conversations.

Frausto also argues that, even if he was a speaker on the taped telephone conversations, the district court still erred when it found him to be an organizer or leader in the offense pursuant to § 3B1.1(c). "[T]o apply an enhancement under Section 3B1.1(c), the district court must find that 'the defendant was an organizer, leader, manager, or supervisor in any criminal activity.'" *United States v. De Oliveira*, 623 F.3d 593, 599 (8th Cir. 2010) (quoting § 3B1.1(c)). "Each of these four terms is construed broadly." *Id.* In determining whether a defendant qualifies for an enhancement pursuant to § 3B1.1, the district court also may consider:

> [T]he exercise of decision making authority, the nature of participation
> in the commission of the offense, the recruitment of accomplices, the
> claimed right to a larger share of the fruits of the crime, the degree of

participation in planning or organizing the offense, the nature and scope of the illegal activity, and the degree of control and authority exercised over others.

*United States v. Adamson*, 608 F.3d 1049, 1056 (8th Cir. 2010) (alteration in original) (quoting § 3B1.1 cmt. n.4).

The taped phone conversations reveal that Frausto twice planned and organized the delivery of the methamphetamine to the confidential source by using his two co-conspirators to consummate the transactions. After numerous phone conversations, Frausto arranged for the sale of methamphetamine to the confidential source and then orchestrated a meeting on January 8, 2009, at which the confidential source paid Frausto's two co-conspirators $24,000 in exchange for one pound of methamphetamine. During a phone conversation on the following day, Frausto asked the confidential source if he was satisfied with the transaction. On January 12, 2009, after the confidential source spoke with Frausto again, Frausto arranged for another sale of methamphetamine. On January 18, 2009, after a meeting between Frausto, his two co-conspirators, and the confidential source at an Omaha restaurant, Frausto directed the co-conspirators to travel from Omaha to Council Bluffs and deliver four pounds of methamphetamine to the confidential source's fictitious partner in return for $98,000. In light of this evidence, we conclude that the district court did not err in concluding that Frausto qualified as an organizer, leader, manager, or supervisor of the offense.

Frausto next argues that the district court procedurally erred when it denied his request for safety-valve relief. To qualify for safety-valve relief, among other requirements, a defendant cannot be "an organizer, leader, manager, or supervisor of others in the offense, as determined under the sentencing guidelines." 18 U.S.C. § 3553(f)(4); *see also* § 5C1.2(a)(4). Because the district court did not err in determining that Frausto qualified for the § 3B1.1(c) enhancement, it also did not err

when it refused Frausto's request for safety-valve relief.  *See United States v. Bonilla-Filomeno*, 579 F.3d 852, 858 (8th Cir. 2009).[2]

Lastly, Frausto argues that his sentence was substantively unreasonable.  "We will not reverse a sentence as substantively unreasonable absent a showing of abuse of discretion by the district court."  *United States v. San-Miguel*, 634 F.3d 471, 475 (8th Cir. 2011).  "A district court abuses its discretion when it fails to consider a relevant factor, gives significant weight to an irrelevant or improper factor, or considers only appropriate factors but nevertheless commits a clear error of judgment by arriving at a sentence that lies outside the limited range of choice dictated by the facts of the case."  *Id.* (quoting *United States v. Jones*, 509 F.3d 911, 913 (8th Cir. 2007)).  A sentence that falls within a properly-calculated advisory guidelines range—as does Frausto's sentence—is presumptively reasonable on appeal.  *See id.* "[I]t will be the unusual case when we reverse a district court sentence . . . as substantively unreasonable."  *United States v. Feemster*, 572 F.3d 455, 464 (8th Cir. 2009) (en banc) (quoting *United States v. Gardellini*, 545 F.3d 1089, 1090 (D.C. Cir. 2008)).

Frausto primarily argues that the district court's sentence "perpetuate[d] unwarranted sentencing disparity" between Frausto and three defendants in unrelated cases.  *See United States v. Salas-Barraza*, 579 F.3d 885 (8th Cir. 2009); *United States v. Kane*, 552 F.3d 748 (8th Cir. 2009), *vacated*, 562 U.S. ---, 79 U.S.L.W. 3512 (U.S. Mar. 7, 2011); *United States v. Thundershield*, 474 F.3d 503 (8th Cir. 2007).  In order for Frausto to show that the disparity between his sentence and the sentences

---

[2] Puzzlingly, Frausto also suggests that he should not have received a two-level increase in his offense level for the use of a dangerous weapon pursuant to § 2D1.1(b)(1) and that he should have received a decrease in his offense level for acceptance of responsibility pursuant to § 3E1.1.  However, contrary to the recommendations in the Presentence Investigation Report, the district court did not apply the dangerous weapon enhancement and did, in fact, reduce Frausto's offense level by two for acceptance of responsibility.

of the defendants in *Salas-Barraza*, *Kane*, and *Thundershield* is unwarranted, Frausto and these defendants must have "similar records" and must "have been found guilty of similar conduct." *See* 18 U.S.C. § 3553(a)(6); *United States v. Plaza*, 471 F.3d 876, 880 (8th Cir. 2006).

Frausto's argument fails because he is not similarly situated to any of the defendants in the cases he cites. Unlike Frausto, the defendant in *Salas-Barraza* provided substantial assistance to the government and received a sentence reduction pursuant to § 5K1.1. *See Salas-Barraza*, 579 F.3d at 886-87; *see also United States v. Gallegos*, 480 F.3d 856, 859 (8th Cir. 2007) (per curiam) ("Disparity in sentences between a defendant who provided substantial assistance and one who provided no assistance . . . is not 'unwarranted.'"). Frausto is not similarly situated to either the defendant in *Kane* or the defendant in *Thundershield* because they were not convicted of conduct similar to that of Frausto. *See Kane*, 552 F.3d at 751 (noting that Kane was convicted of aggravated sexual abuse and conspiracy to commit aggravated sexual abuse); *Thundershield*, 474 F.3d at 505 (noting that Thundershield was convicted of sexual abuse of a person incapable of appraising the nature of the conduct). Therefore, because Frausto is not similarly situated to any of the three defendants in the cases he cites, the sentencing disparity between them is not unwarranted.

Without providing any analysis or development in his briefs, Frausto suggests that the disparity between his sentence and the sentences of his two co-conspirators also is unwarranted. Because Frausto has made no arguments in support of this assertion, he has "waived his argument . . . because the issue was not developed in his briefs as required." *See United States v. Peterson*, 632 F.3d 1038, 1042 (8th Cir. 2011) (alteration in original) (quoting *Rotskoff v. Cooley*, 438 F.3d 852, 854 (8th Cir. 2006)). Nonetheless, even if we were "to exercise our discretion to overlook the waiver," *United States v. Williams*, 627 F.3d 324, 329 (8th Cir. 2010), Frausto's argument fails because Frausto is not similarly situated to his two co-conspirators. The district court found Frausto to be the organizer of this conspiracy, as he orchestrated two separate methamphetamine sales in which he directed his co-

conspirators to consummate the transactions. In addition, his co-conspirators each received three-level reductions for acceptance of responsibility upon the government's motion, *see* § 3E1.1(b), while Frausto received only a two-level reduction. Accordingly, because Frausto played a unique role in the conspiracy, and because Frausto is not similarly situated to his co-conspirators, the sentencing disparity between them is not unwarranted. *See United States v. Williams*, 605 F.3d 556, 572 (8th Cir. 2010). Thus, Frausto has not shown that the district court abused its discretion when it imposed a within-the-guidelines sentence in this case.[3]

For the foregoing reasons, we affirm Frausto's sentence.

_____

_____

[3] Without providing support or elaboration, Frausto's brief asserts that the district court also violated his "constitutional rights to due process." Because Frausto has not developed this issue in his briefs as required, he has waived this argument. *See Peterson*, 632 F.3d at 1042.