# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-1690

_____

United States of America,      *
     *
        Appellee,      *
     *   Appeal from the United States
     v.      *   District Court for the
     *   Western District of Arkansas.
Julio Ortiz-Rodriguez,      *
     *   [UNPUBLISHED]
        Appellant.      *

_____

Submitted: December 12, 2011
Filed: March 13, 2012

_____

Before WOLLMAN, MELLOY, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

Following Julio Ortiz-Rodriguez's plea of guilty to conspiring to distribute methamphetamine, the district court[1] imposed a two-level enhancement under United States Sentencing Guidelines (Guidelines) section 3B1.1(c) for a management role in the offense and sentenced Oritz-Rodgriguez to 145 months' imprisonment. Ortiz-Rodriguez appeals, arguing that the evidence did not support the imposition of the enhancement. We affirm.

_____

[1]The Honorable Robert T. Dawson, United States District Judge for the Western District of Arkansas.

I.

Melissa Castillo was arrested for distributing methamphetamine in the Fort Smith, Arkansas, area. Castillo was interviewed and revealed that Ortiz-Rodriguez and his girlfriend, Chelsea Spangle, supplied her with the drugs. Working with law enforcement, Castillo agreed to set up a controlled buy from Ortiz-Rodriguez and called Spangle to request two ounces of methamphetamine. Spangle replied that they would bring the drugs to Castillo's residence.

Officers set up surveillance outside Castillo's home on the day of the delivery and observed a white Honda, which had previously been seen in surveillance of other drug transactions involving Castillo, arrive at Castillo's residence. A Hispanic male exited the car and walked toward Castillo's door. At that time, Spangle called Castillo and stated that the drugs were outside. Officers approached the Hispanic male, identified as Juan Perez-Padron, and recovered from him approximately 53 grams of methamphetamine, contained in three separate bags. The driver of the Honda was identified as Ortiz-Rodriguez's brother.

A short time later, Ortiz-Rodriguez, Spangle, and their infant child were seen driving a vehicle in the area of Castillo's residence. They were stopped and Ortiz-Rodriguez and Spangle were arrested. Ortiz-Rodriguez admitted that he had approached Castillo about selling methamphetamine and that she agreed to do so. Ortiz-Rodriguez further stated that he had delivered approximately five ounces of methamphetamine to Castillo since February 2010. Further investigation revealed that Ortiz-Rodriguez enlisted his brother and Perez-Padron to deliver the drugs to Castillo's apartment. Ortiz-Rodriguez also loaned his brother a cell phone in order to facilitate the transaction with Castillo. Ortiz-Rodriguez confirmed that Castillo would call Spangle to request methamphetamine; he would then arrange the transportation of the drugs to Castillo.

A grand jury charged Ortiz-Rodriguez with conspiring to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), and unlawfully reentering the United States, in violation of 8 U.S.C. §§ 1326(a) and (b)(2).[2] As set forth above, Ortiz-Rodriguez pled guilty to the conspiracy charge. The Presentence Investigation Report (PSR) recommended a four-level enhancement for Ortiz-Rodriguez's role as leader in a conspiracy involving five or more participants under Guidelines section 3B1.1(a). Ortiz-Rodriguez objected to the enhancement, arguing that he was only a drug user and supplier, not a leader or organizer.

At the sentencing hearing, the district court disagreed with the PSR's recommendation concerning the application of the four-level enhancement under Guidelines section 3B1.1(a), instead applied only a two-level enhancement under subsection (c), and sentenced Ortiz-Rodriguez to 145 months' imprisonment. The question before us on appeal is whether the evidence supports the finding that Ortiz-Rodriguez was an organizer, leader, manager, or supervisor in the conspiracy.

II.

"'The district court's factual findings, including its determination of a defendant's role in the offense, are reviewed for clear error,' while its 'application of the guidelines to the facts is reviewed de novo.'" United States v. Bolden, 622 F.3d 988, 990 (8th Cir. 2010) (quoting United States v. Vasquez-Rubio, 296 F.3d 726, 729 (8th Cir. 2002)). It is the government's burden to prove a defendant's role in the offense by a preponderance of the evidence. United States v. Davis, 583 F.3d 1081, 1097 (8th Cir. 2009).

---

[2]The unlawful reentry charge against Ortiz-Rodriguez was dismissed pursuant to his plea agreement.

Under the Guidelines, a defendant's offense level may be increased by two levels if he "was an organizer, leader, manager, or supervisor in any criminal activity . . . ." U.S.S.G. § 3B1.1(c). "Each of these four terms is construed broadly." United States v. Frausto, 636 F.3d 992, 996 (8th Cir. 2011) (quoting United States v. De Oliveira, 623 F.3d 593, 599 (8th Cir. 2010)). In determining whether a defendant played a leadership role in the offense, courts are encouraged to consider:

> the exercise of decision making authority, the nature of participation in the commission of the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of participation in planning or organizing the offense, the nature and scope of the illegal activity, and the degree of control and authority exercised over others.

U.S.S.G. § 3B1.1, cmt. n.4. Furthermore:

> In relatively small criminal enterprises . . . the distinction between organization and leadership, and that of management or supervision, is of less significance than in larger enterprises that tend to have clearly delineated divisions of responsibility. This is reflected in the inclusiveness of § 3B1.1(c).

Id. at cmt. background.

We conclude that the district court's determination of Ortiz-Rodriguez's management role in the conspiracy was not clearly erroneous. To be subject to a role enhancement, a defendant need only recruit a participant into a conspiracy or manage or supervise a participant. See Bolden, 622 F.3d at 990 (citing United States v. Erhart, 415 F.3d 965, 973 (8th Cir. 2005) ("[T]he simple fact that a defendant recruits new members into a conspiracy supports a finding of the defendant being a manager or supervisor."); Davis, 583 F.3d at 1097 (citing United States v. Mata-Peres, 478 F.3d 875, 877 (8th Cir. 2007) ("To be subject to a role enhancement under § 3B1.1(c), a defendant need only manage or supervise one other participant."). Furthermore, "a

-4-

defendant can be held accountable as an organizer or leader within the meaning of the Sentencing Guidelines even if he did not directly control others in the conspiracy." United States v. Johnson, 47 F.3d 272, 277 (8th Cir. 1995). In his plea agreement, Ortiz-Rodriguez admitted that he arranged for his brother to transport methamphetamine to Castillo. He further admitted that he had approached Castillo about selling methamphetamine and that she agreed to do so. Ortiz-Rodriguez thus recruited others into the conspiracy, even if he did not directly control them. In sum, we conclude that the district court did not err in applying the enhancement.

III.

The sentence is affirmed.

_____