# United States Court of Appeals
### For the Eighth Circuit

_____

No. 11-3406
_____

United States of America

*Plaintiff - Appellee*

v.

Kenneth P. Luckey

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: April 20, 2012
Filed: August 17, 2012
[Unpublished]

_____

Before MURPHY, MELLOY, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Kenneth Luckey pled guilty to two counts of distributing child pornography over the internet in violation of 18 U.S.C. § 2252(a)(2) and one count of possessing

child pornography in violation of § 2252(a)(4). The district court[1] calculated Luckey's advisory sentencing guidelines range at 151 to 188 months' imprisonment and sentenced Luckey to 180 months. Luckey now appeals the sentence, and we affirm.

Luckey's convictions came after an eight-year-old girl informed her mother that, while she was spending the night with Luckey's daughter at Luckey's house, Luckey showed her pictures on his computer of naked people and, on a prior occasion, showed her pornographic pictures and exposed his genitals to her. Law enforcement officers then executed a search warrant at Luckey's residence and discovered child pornography. A detective interviewed Luckey, and Luckey admitted to possessing and sharing child pornography as well as chatting online with minors for illicit sexual purposes.

Luckey challenges his sentence, arguing that the district court procedurally erred in the sentencing proceedings and that the sentence imposed is substantively unreasonable. "We first review for significant procedural error and then for substantive reasonableness." *United States v. Johnson*, 572 F.3d 449, 454 (8th Cir. 2009).

Luckey argues that the district court committed procedural error by neglecting to provide an adequate basis for the sentence it imposed and by failing to acknowledge that a sentence must be "sufficient, but not greater than necessary," to satisfy the purposes stated in 18 U.S.C. § 3553(a)(2). "In reviewing a sentence for procedural error, we review the district court's factual findings for clear error and its application of the guidelines de novo." *United States v. Frausto*, 636 F.3d 992, 995 (8th Cir. 2011) (quoting *United States v. Barker*, 556 F.3d 682, 689 (8th Cir. 2009)).

---

[1]The Honorable David Gregory Kays, United States District Judge for the Western District of Missouri.

Procedural error includes "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence . . . ." *Gall v. United States*, 552 U.S. 38, 51 (2007). A "district court is presumed to know the law in regard to sentencing and need not recite each factor to be upheld." *United States v. Keating*, 579 F.3d 891, 892 (8th Cir. 2009). Here, the district court referenced § 3553(a) and explicitly analyzed the facts of the case with respect to many of the § 3553(a) factors. For example, regarding the nature and circumstances of the offense, the district court noted that, unlike cases where people simply view child pornography, Luckey engaged in sexual conversations with minors and that this case had "all the earmarks of a child being groomed for the type of vile, horrible conduct" depicted in the pornographic images Luckey possessed. Furthermore, Luckey's argument that the district court failed to recognize that a sentence must be "sufficient, but not greater than necessary" is contradicted by the district court's statement that it had struggled with whether or not to give an above-guidelines sentence but determined that "the guidelines adequately approach a sentence that is sufficient but not greater than necessary to comply with the purposes set forth within the statute." Thus, Luckey's arguments lack merit.

Luckey also argues that the sentence is substantively unreasonable. "We will not reverse a sentence as substantively unreasonable absent a showing of abuse of discretion by the district court." *Frausto*, 636 F.3d at 996 (quoting *United States v. San-Miguel*, 634 F.3d 471, 475 (8th Cir. 2011)). "We may find an abuse of discretion where the sentencing court 'fails to consider a relevant factor that should have received significant weight, gives significant weight to an improper or irrelevant factor, or considers only the appropriate factors but commits a clear error of judgment in weighing those factors.'" *United States v. Moore*, 565 F.3d 435, 438 (8th Cir. 2009) (quoting *United States v. Kowal*, 527 F.3d 741, 749 (8th Cir. 2008)). "We have been clear that our review of the substantive reasonableness of sentences is narrow and deferential; 'it will be the unusual case when we reverse a district court

-3-

sentence—whether within, above, or below the applicable Guidelines range—as substantively unreasonable.'" *United States v. Osei*, 679 F.3d 742, 747 (8th Cir. 2012) (quoting *United States v. Feemster*, 572 F.3d 455, 464 (8th Cir. 2009) (en banc)). A sentence within the properly-calculated guidelines range is presumptively reasonable on appeal. *Frausto*, 636 F.3d at 997.

Luckey specifically asserts that the sentence is substantively unreasonable in that the district court failed to give sufficient weight to the unreasonableness of the guidelines range, his lack of any prior criminal history, his significant support from the community, his compliance with the terms of his pretrial release, his history of employment, and his history of depression. Luckey made these arguments in his sentencing memorandum, which the district court indicated it had read, or orally at the sentencing hearing. We therefore presume that the district court considered these arguments and concluded that they did not call for a sentence lower than the one imposed. *See United States v. Wilcox*, 666 F.3d 1154, 1157 (8th Cir. 2012). "The district court's decision to place greater emphasis in this case on factors that favored a sentence within the advisory range . . . than on other § 3553(a) factors that might favor a more lenient sentence is a permissible exercise of the considerable discretion available to a sentencing court . . . ." *United States v. Ruelas-Mendez*, 556 F.3d 655, 658 (8th Cir. 2009). We conclude that the district court did not abuse its considerable discretion in weighing the § 3553(a) factors and in arriving at Luckey's sentence. *See United States v. Gasaway*, 684 F.3d 804, 808 (8th Cir. 2012).

For the foregoing reasons, we affirm the judgment of the district court.

_____