# United States Court of Appeals
### For the Eighth Circuit

———————————————————

No. 12-3802

———————————————————

United States of America

*Plaintiff - Appellee*

v.

Juan Carlos Arteaga Talavera, also known as Mario Solis

*Defendant - Appellant*

——————————

Appeal from United States District Court
for the Southern District of Iowa - Des Moines

——————————

Submitted: June 12, 2013
Filed: July 2, 2013
[Unpublished]

——————————

Before COLLOTON, GRUENDER, and BENTON, Circuit Judges.

——————————

PER CURIAM.

Juan Carlos Arteaga Talavera appeals his sentence for conspiracy to distribute methamphetamine, distribution of methamphetamine, and possession with intent to

distribute methamphetamine. Talavera argues that the district court[1] incorrectly applied a two-level sentencing guideline enhancement for obstruction of justice, procedurally erred by treating the advisory sentencing guideline range as mandatory, and imposed a substantively unreasonable sentence. We affirm.

On October 26, 2011, a grand jury indictment charged Talavera and three other individuals with conspiracy to distribute methamphetamine in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A); nine counts of distribution of methamphetamine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C); and one count of possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A). Talavera's three co-defendants pleaded guilty, and on August 6, 2012, trial commenced on the nine counts against Talavera.[2] Talavera's co-defendant, Juan Carlos Perez, testified at trial that while the two men were incarcerated at the Polk County Jail in Des Moines, Iowa, Talavera threatened physical harm to persons who cooperated with the Government in his criminal prosecution. Perez testified that Talavera said "[t]hat people who were cooperating, it would be best if they shot them in the head."

The jury returned a guilty verdict on all counts. The draft Presentence Investigation Report ("PSR") recommended that the district court impose a two-level enhancement under United States Sentencing Guideline ("USSG") § 3C1.1 for obstruction of justice based on Perez's trial testimony concerning Talavera's alleged threat. Talavera did not object to the inclusion in the PSR of that portion of Perez's testimony, nor did he object to the application of the obstruction of justice enhancement. As a result, the final PSR included the two-level enhancement in the sentencing guideline calculation. At sentencing, the district court found that, based

---

[1]The Honorable Ronald E. Longstaff, United States District Judge for the Southern District of Iowa.

[2]Two of the methamphetamine distribution counts were unrelated to Talavera.

on the PSR, Talavera had a total offense level of 40, a criminal history category of I, and an advisory guideline range of 292-365 months. Talavera agreed that the district court's guideline calculation was correct but argued that the district court should vary downward from the guideline range based on his less culpable role in the conspiracy and the sentences of his co-defendants. The district court ultimately imposed a sentence of 292 months' imprisonment. Talavera appeals.

When reviewing a sentence, "[w]e 'must first ensure that the district court committed no significant procedural error,'" such as improperly calculating the applicable guideline range or treating the guideline range as mandatory. *See United States v. Feemster*, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (quoting *Gall v. United States*, 552 U.S. 38, 51 (2007)). Talavera first argues that the district court erred in applying a two-level enhancement for obstruction of justice. Ordinarily, we review a district court's factual findings underlying an enhancement for obstruction of justice for clear error and review its construction and application of the guidelines *de novo*. *United States v. Mabie*, 663 F.3d 322, 334 (8th Cir. 2011). However, where, as here, a defendant fails to object to the enhancement, our review is limited to plain error. *See United States v. Pirani*, 406 F.3d 543, 549 (8th Cir. 2005).

Pursuant to USSG § 3C1.1, a defendant is subject to a two-level enhancement for obstruction of justice if:

> (1) the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction, and (2) the obstructive conduct related to (A) the defendant's offense of conviction and any relevant conduct; or (B) a closely related offense . . . .

Application Note 4(A) states that an example of the type of conduct warranting the enhancement is "threatening, intimidating, or otherwise unlawfully influencing a co-

defendant, witness, or juror, directly or indirectly, or attempting to do so." To apply the enhancement, the district court must find that the defendant obstructed justice by a preponderance of the evidence. *United States v. Wisecarver*, 644 F.3d 764, 773 (8th Cir. 2011). Here, the district court properly applied the obstruction of justice enhancement because based on Perez's trial testimony, the court found that the Government had demonstrated by a preponderance of the evidence that Talavera had threatened his co-defendant Perez. *See United States v. Crume*, 422 F.3d 728, 732 (8th Cir. 2005) (holding that the district court properly applied the obstruction of justice enhancement based on evidence that the defendant threatened fellow prisoners with harm if they were to provide information to the Government). Talavera argues that Perez's trial testimony was not credible because it was motivated by the prospect of a lower sentence. On cross-examination, however, Talavera fully explored Perez's motives for testifying. Moreover, "[a] district court has wide discretion at sentencing as to the kind of information considered or its source," *United States v. Atkins*, 250 F.3d 1203, 1212 (8th Cir. 2001), and the district court's decision to find Perez's testimony credible was not clearly erroneous, *see United States v. Smith*, 576 F.3d 513, 516 (8th Cir. 2009) ("[A]ssessing a witness's credibility is a duty for the district court, and its assessment is 'virtually unreviewable on appeal'" (quoting *United States v. Ralph*, 480 F.3d 888, 890 (8th Cir. 2007))). Accordingly, we find no error, much less plain error in the district court's application of the obstruction of justice enhancement.[3]

---

[3]Talavera also argues that the district court was required to undertake a review of the evidence independent of the jury verdict, citing *United States v. Negrete*, 537 F.3d 918, 922 (8th Cir. 2008). This argument is unavailing as the "independent evaluation requirement" is unique to a district court's determination of whether to apply the obstruction of justice enhancement based on the defendant's commission of perjury. *See id.*

Talavera also contends that the district court procedurally erred by treating the advisory guideline range as mandatory. Because Talavera did not raise this argument before the district court, we again review it for plain error. *See Pirani*, 406 F.3d at 549. We cannot conclude that the district court erred at all, let alone plainly erred, because the district court explicitly stated that the guidelines "are no longer mandatory." The district court also was aware of—and expressly considered—its ability to vary downward from the guideline range. Thus, the district court did not procedurally err in imposing Talavera's sentence.

If the sentence is procedurally sound, we then review the substantive reasonableness of the sentence under an abuse-of-discretion standard, taking into account the totality of the circumstances. *Feemster*, 572 F.3d at 461. Talavera contends that his sentence is substantively unreasonable because there is an unwarranted disparity between his sentence and the sentences imposed on his three co-defendants. *See* 18 U.S.C. § 3553(a)(6). Talavera points out that Teodolo Garcia—the leader of the conspiracy—received a sentence of 220 months, while Perez, who testified against Talavera at trial, received a sentence of 30 months. Talavera asserted at sentencing that he should receive a sentence similar to Barajas Garcia, who received a sentence of 151 months, because they had similar levels of culpability. However, "[a] sentence that falls within a properly-calculated advisory guidelines range . . . is presumptively reasonable on appeal," *United States v. Frausto*, 636 F.3d 992, 997 (8th Cir. 2011), and Talavera's arguments attacking the substantive reasonableness of his sentence are without merit. Although Talavera might have been equally, or even less, culpable than his co-defendants, the district court correctly noted that Talavera was not similarly situated to his co-defendants, explaining that other factors such as Talavera's decision to go to trial, Perez's decision to cooperate with the Government, and Talavera's threat to Perez all affected his sentence. *See United States v. Jones*, 612 F.3d 1040, 1045 (8th Cir. 2010) ("[I]t is not an abuse of discretion to impose a sentence that results in disparity between co-

defendants where there are legitimate distinctions between co-defendants."); *see also United States v. Chaika*, 695 F.3d 741, 746 (8th Cir. 2012) (holding that the disparity between the defendant's sentence and the lower sentence of a more culpable co-conspirator was warranted because "[a] defendant's cooperation with the government is a legitimate basis for sentencing disparity").  Accordingly, we conclude that the district court did not abuse its discretion in imposing Talavera's sentence.

For the foregoing reasons, we affirm.

_____