# United States Court of Appeals
## For the Eighth Circuit

_____

No. 19-2144
_____

United States of America

*Plaintiff - Appellee*

v.

Alonzo Martice Brumley, also known as Money

*Defendant - Appellant*
_____

Appeal from United States District Court
for the District of Minnesota
_____

Submitted: May 11, 2020
Filed: July 20, 2020
[Unpublished]
_____

Before SMITH, Chief Judge, MELLOY and SHEPHERD, Circuit Judges.
_____

PER CURIAM.

Alonzo Brumley pled guilty to one count of conspiracy to distribute 100 grams or more of a mixture and substance containing heroin, in violation of 21 U.S.C.

§§ 841(a)(1), (b)(1)(B), and 846. The district court[1] sentenced Brumley to 158 months imprisonment. Brumley now appeals his sentence. Having jurisdiction under 28 U.S.C. § 1291, we affirm.

I.

In 2017 and 2018, the Federal Bureau of Investigation conducted an investigation into a group of Black P-Stones gang members who were selling heroin in Minneapolis, Minnesota, and surrounding communities. The investigation included controlled buys of heroin, wiretaps, the execution of search warrants, and information gained from confidential and reliable informants. During the course of the investigation, law enforcement officers identified Brumley as the leader of the conspiracy and learned that Brumley managed the acquisition, division, and sale of the conspiracy's heroin, much of which was laced with fentanyl. Further, officers identified several addresses from which Brumley and his co-conspirators were storing or selling heroin.

In August 2018, a federal grand jury returned an indictment charging Brumley with one count of conspiracy to distribute 100 grams or more of a mixture and substance containing heroin, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), and 846. In February 2019, Brumley pled guilty to the single count charged.

Based on evidence that law enforcement officers recovered two firearms from an apartment linked to the conspiracy, the presentence investigation report (PSR) recommended a two-level enhancement under USSG § 2D1.1(b)(1) for possession of a dangerous weapon. Additionally, the PSR recommended a two-level enhancement under USSG § 2D1.1(b)(12) for maintaining a residence for the purpose of

---

[1]The Honorable Donovan W. Frank, United States District Judge for the District of Minnesota.

manufacturing or distributing a controlled substance, based on evidence that Brumley maintained an apartment to store and distribute heroin. Finally, the PSR recommended a two-level enhancement under USSG § 3B1.1(c) for Brumley's leadership role in the offense. Brumley objected to each of the enhancements, arguing that they were unsupported by the evidence.

At sentencing, the district court overruled Brumley's objections, finding that the government had established each enhancement by a preponderance of the evidence. Based on a total offense level of 33 and a criminal history category of IV, the court calculated Brumley's advisory Guidelines range to be 188 to 235 months imprisonment. The court then varied downward and sentenced Brumley to 158 months imprisonment with five years of supervised release. This appeal follows.

## II.

Brumley argues that the district court committed clear error in applying the enhancements under USSG §§ 2D1.1(b)(1), 2D1.1(b)(12), and 3B1.1(c). We review a district court's application of the Guidelines de novo and its factual findings for clear error. United States v. Savage, 414 F.3d 964, 966 (8th Cir. 2005).

## A.

Section 2D1.1(b)(1) provides for a two-level enhancement "[i]f a dangerous weapon (including a firearm) was possessed" in connection with a drug offense. USSG § 2D1.1(b)(1). For the enhancement to apply, the government must prove by a preponderance of the evidence that "(1) the gun was possessed and (2) it was not clearly improbable that the weapon was connected to the drug offense." United States v. Young, 689 F.3d 941, 946 (8th Cir. 2012) (quoting United States v. Anderson, 618 F.3d 873, 880 (8th Cir. 2010)). The enhancement poses "a very low bar for the government to hurdle." Anderson, 618 F.3d at 882.

The firearms at issue here were recovered by law enforcement officers while executing a search warrant at an apartment in Brooklyn Center, Minnesota, in which two adult females, A.M. and L.B., resided. Specifically, officers found two loaded handguns, three baggies of heroin, one baggie of cocaine, and digital scales in one bedroom of the residence. In another bedroom, officers found a baggie of fentanyl-laced heroin. Thus, the firearms were found in close proximity to drugs and drug paraphernalia. See United States v. Payne, 81 F.3d 759, 763 (8th Cir. 1996) (noting that the requisite nexus between the weapon and the drug offense exists if "the weapon was found in the same location where drugs or drug paraphernalia were stored, or where part of the conspiracy took place").

Moreover, the government presented evidence linking the residence to Brumley and his drug trafficking activity. See id. ("The government can prove that the weapon was connected with the offense by showing that a temporal and spatial relation existed between the weapon, the drug trafficking activity, and the defendant." (internal quotation marks omitted)). Specifically, A.M. told officers that Brumley and his co-conspirator, Howard Young, stashed money and drugs in the apartment, and that she had previously distributed drugs at the direction of Brumley and Young. She explained that, on one occasion, Brumley called her to tell her that an individual was coming to her apartment to pick up drugs that were stashed in a purse inside the closet. As directed, A.M. retrieved the drugs from the purse and gave them to the individual. Moreover, A.M. stated that Brumley and Young had recently visited the apartment just prior to the search.

Finally, the government presented evidence to connect Brumley to the firearms themselves. In several conversations intercepted by the government, Brumley repeatedly discussed obtaining and possessing firearms. Further, just a few weeks before the search, the government intercepted phone calls in which Brumley discussed needing a place to stash firearms he had in his possession.

-4-

Based on these facts, the district court did not clearly err in finding that a temporal and spatial relation existed between the firearms, the drug trafficking activity, and Brumley. Accordingly, we detect no error in the district court's application of the two-level enhancement under USSG § 2D1.1(b)(1).

B.

Section 2D1.1(b)(12) provides for a two-level enhancement "[i]f the defendant maintained a premises for the purpose of manufacturing or distributing a controlled substance." USSG § 2D1.1(b)(12). "This enhancement applies when a defendant uses the premises for the purpose of substantial drug-trafficking activities, even if the premises also served other, legitimate, functions." United States v. Anwar, 880 F.3d 958, 971 (8th Cir. 2018) (internal quotation marks omitted).

The premises at issue for the purposes of this enhancement is a town house located in Bloomington, Minnesota. Law enforcement officers learned that an individual referred to as C.B. had rented the town house on behalf of Brumley, and that Brumley had been using the premises to store and distribute heroin. Brumley argues that the district court clearly erred in applying this enhancement because Brumley did not hold a possessory interest in the premises. But "[h]olding title to the premises is not required for purposes of this section." Id. While the townhouse was rented in someone else's name, the government presented evidence that one of the phone numbers provided to the rental company belonged to Brumley, that law enforcement officers frequently observed Brumley and Young at the residence, and that law enforcement officers had intercepted phone conversations in which Brumley and Young discussed maintaining the premises and providing money to C.B. to pay utilities. See United States v. Garcia, 774 F.3d 472, 475 (8th Cir. 2014) (per curiam) (applying enhancement where, although rent and utilities were in another person's name, government presented evidence that defendant maintained the premises). Further, the government presented evidence of intercepted conversations between

Brumley and Young in which they discussed drugs and money that were hidden inside the residence. When officers executed a search warrant at the residence, they recovered $442, five cellular phones, digital scales, a bag of suspected marijuana, and an unknown white powdery substance.

Based on this evidence, we conclude the district court did not clearly err in finding that Brumley maintained the premises for the purpose of distributing drugs. Accordingly, we find no error in the district court's application of the two-level enhancement under USSG § 2D1.1(b)(12).

C.

Section 3B1.1(c) provides for a two-level enhancement if the "defendant was the organizer, leader, manager, or supervisor of one other participant in criminal activity that did not involve five or more persons." United States v. Sesay, 937 F.3d 1146, 1153 (8th Cir. 2019). "Each of these four terms is construed broadly." United States v. Frausto, 636 F.3d 992, 996 (8th Cir. 2011).

"To be subject to a role enhancement, a defendant need only recruit a participant into a conspiracy or manage or supervise a participant." United States v. Ortiz-Rodriguez, 461 F. App'x 525, 527 (8th Cir. 2012) (per curiam). Here, the government presented evidence showing that Brumley managed the acquisition, division, and sale of the conspiracy's heroin; that he directed his co-conspirators, including Young and A.M., to traffic drugs when he was unavailable; and that he set the price of the drugs. Based on these facts, we conclude that the district court's determination that Brumley had a leadership role in the conspiracy was not clearly erroneous. See id. (finding no clear error in district court's finding that defendant was a manager or leader in conspiracy where defendant arranged for his brother to transport methamphetamine to a co-conspirator). Thus, the district court did not err in applying this enhancement.

## III.

For the foregoing reasons, the sentence is affirmed.

_____