# United States Court of Appeals
## For the Eighth Circuit

_____

No. 22-3207

_____

United States of America

*Plaintiff - Appellee*

v.

Andrew David Surprenant

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Eastern

_____

Submitted: June 12, 2023
Filed: July 24, 2023
[Unpublished]

_____

Before LOKEN, COLLOTON, and ERICKSON, Circuit Judges.

_____

PER CURIAM.

Andrew Surprenant pled guilty to conspiracy to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846. The district court[1] sentenced Surprenant to a term of 396 months' imprisonment. Surprenant appeals

_____

[1]The Honorable Charles J. Williams, United States District Judge for the Northern District of Iowa.

raising three issues: (1) the applicability of an importation enhancement under the United States Sentencing Guidelines ("Sentencing Guidelines"); (2) the applicability of an aggravating role enhancement under the Sentencing Guidelines; and (3) a claim that his sentence is substantively unreasonable. We affirm.

At sentencing, the district court determined Surprenant's base offense level was 38 under the Sentencing Guidelines. The court then applied a two-level upward adjustment for drug importation pursuant to U.S.S.G. § 2D1.1(b)(5); a two-level upward adjustment for maintaining a drug premises pursuant to U.S.S.G. § 2D1.1(b)(12); a two-level upward adjustment for possession of a dangerous weapon pursuant to U.S.S.G. § 2D1.1(b)(1); and a three-level upward adjustment for Surprenant's role in the conspiracy pursuant to U.S.S.G. § 3B1.1(b). The court granted a three-level reduction for acceptance of responsibility. See U.S.S.G. § 3E1.1. With a maximum offense level of 43 and in criminal history category IV, the advisory Sentencing Guidelines range was life. After granting Surprenant's motion for a downward variance, the district court imposed a 396-month sentence.

"We review a district court's interpretation and application of the sentencing guidelines *de novo* and its findings of fact for clear error." United States v. Yielding, 657 F.3d 688, 716 (8th Cir. 2011). Surprenant first contends the district court erred in applying U.S.S.G. § 2D1.1(b)(5). A two-level enhancement under § 2D1.1(b)(5) applies if the offense involved the importation of methamphetamine. "[T]he increase applies whether or not a defendant knew that the offense involved importation of methamphetamine." United States v. Werkmeister, 62 F.4th 465, 469 (8th Cir. 2023), petition for cert. filed (U.S. June 16, 2023) (No. 22-7806).

Through intercepted communications and surveillance, law enforcement identified direct communication between Surprenant and Daniel Manjarrez, a known high-level drug trafficker with the Mexico-based Sinaloa Cartel. There was evidence of Surprenant coordinating drug transactions, facilitating payments, shipping packages, and making money order transactions to individuals in Mexico. After executing search warrants at Surprenant's home and storage unit, law

enforcement recovered thousands of grams of 100% pure methamphetamine. Given Surprenant's communications with Manjarrez and the large quantities of methamphetamine, the characteristics of which pointed towards manufacture in Mexico, it was not error, clear or otherwise, for the court to find the conspiracy involved the importation of methamphetamine from Mexico.

Surprenant next challenges the district court's increase in his Guidelines range based on his role in the conspiracy. A three-level enhancement under § 3B1.1(b) applies if the defendant played a management or supervisory role in criminal activity involving at least five participants. Surprenant does not dispute that he recruited and directed several individuals to wire money to Mexico, arguing only that the enhancement should not apply because he was acting at the behest of Manjarrez. We disagree because "the simple fact that a defendant recruits new members into a conspiracy supports a finding of the defendant being a manager or supervisor." United States v. Bolden, 622 F.3d 988, 990 (8th Cir. 2010) (per curiam). The district court committed no error, clear or otherwise, in applying the increase for Surprenant's role in the offense under U.S.S.G. § 3B1.1.

Finally, Surprenant challenges the substantive reasonableness of his sentence claiming the court failed to properly weigh his history of substance abuse, disadvantaged childhood, and limited drug-related criminal history. The record reflects that the district court considered and addressed each mitigating factor but weighed them differently than Surprenant would prefer. When a district court varies below the correctly calculated Guidelines range, "it is nearly inconceivable that the court abused its discretion in not varying downward still further." United States v. Canamore, 916 F.3d 718, 721 (8th Cir. 2019) (per curiam). Surprenant's below-Guidelines range sentence was not an abuse of discretion.

Because Surprenant's sentence was not premised on an improper Guidelines calculation and is not substantively unreasonable, we affirm the judgment of the district court.

_____