# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 23-3377

———————————————

United States of America

*Plaintiff - Appellee*

v.

Tshaska Marckeith Tyron Nelson

*Defendant - Appellant*

———————

Appeal from United States District Court
for the Southern District of Iowa - Central

———————

Submitted: September 23, 2024
Filed: November 22, 2024
[Unpublished]

———————

Before SMITH, ERICKSON, and STRAS, Circuit Judges.

———————

PER CURIAM.

Tshaska Nelson appeals his sentence following a guilty plea for conspiracy to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. Nelson contends the district court[1] clearly erred in applying a two-level

———

[1] The Honorable Stephen H. Locher, United States District Judge for the Southern District of Iowa.

enhancement under U.S.S.G. § 3B1.1(c) for his role as an organizer, leader, manager, or supervisor in the drug trafficking conspiracy. We affirm.

We review the district court's factual findings regarding a defendant's role in the offense for clear error and its interpretation of the Sentencing Guidelines *de novo*. United States v. Bolden, 622 F.3d 988, 990 (8th Cir. 2010). A two-level increase under § 3B1.1(c) of the Sentencing Guidelines applies if a defendant supervises or manages another individual in one or more drug transactions. U.S.S.G. § 3B1.1(c). For purposes of § 3B1.1, this Court has construed the terms "manager" and "supervisor" liberally. United States v. McSmith, 968 F.3d 731, 736 (8th Cir. 2020) (quoting United States v. Lopez, 431 F.3d 313, 317–18 (8th Cir. 2005)). "The key factors in determining management or supervisory authority are control over participants and organization of the criminal activity." United States v. Valencia, 829 F.3d 1007, 1012 (8th Cir. 2016) (quoting United States v. Pena, 67 F.3d 153, 156–57 (8th Cir. 1995)).

The government bears the burden of showing by a preponderance of evidence that an enhancement applies. United States v. Whitworth, 107 F.4th 817, 823 (8th Cir. 2024). At sentencing, the prosecutor submitted grand jury testimony from two confidential sources as well as an affidavit from Narcotics Investigator Brady Pratt. One of the confidential sources ("CS 1") served as Nelson's bookkeeper and she testified that "everyone" went through Nelson for payment of drugs. In addition, during a phone call she recorded, Nelson expressed concern to CS 1 because they were late in paying the supplier. Nelson instructed CS 1 to "go in the books and see how much we owe them." He also told CS 1 that she would receive four pounds of methamphetamine at a time until her debt was paid off. The next day, Nelson arranged a meeting with CS 1 and fronted her two pounds of methamphetamine. Another person who transported drugs as part of the conspiracy ("CS 2") testified before the grand jury that Nelson introduced him to Nelson's Mexican-based supplier and initially acted as his handler. The district court found the evidence was sufficient to establish Nelson held a supervisory role in the conspiracy.

-2-

Based on a total offense level of 39 and criminal history category II, Nelson's advisory Sentencing Guidelines range was 292 – 365 months. The district court varied downward and imposed a 228-month term of imprisonment.

While Nelson contends the enhancement was improperly applied because he and the confidential sources were co-conspirators, the evidence established that Nelson retained a bookkeeper due to the large amount of proceeds involved in the conspiracy. The bookkeeper then started to store large quantities of drugs for Nelson at her residence. After drugs were seized from her place, the recorded conversations show Nelson giving directions to the bookkeeper. The evidence also showed Nelson introduced another person to his source of supply and arranged for drug and money transactions. Although Nelson attacks the form of evidence presented—grand jury testimony with no opportunity for cross-examination—this Court has explained that consideration of grand jury testimony at sentencing is permissible. See United States v. Cross, 888 F.3d 985, 993 (8th Cir. 2018) (stating that because grand jury testimony is given under oath and subject to the penalties of perjury, it has indicia of reliability and may be considered at sentencing).

The district court did not clearly err in applying the two-level role enhancement when calculating Nelson's advisory Sentencing Guidelines range. We affirm the district court's judgment.

_____